## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

```
------------------------------------------------------ x
                                    :
ERIK BLAIR,                         : Civil Action No. _____
on behalf of himself and            :
similarly situated employees,       :
                                    : INDIVIDUAL AND
                Plaintiff,          : COLLECTIVE/CLASS
                                    : ACTION COMPLAINT
            v.                      :
                                    :
COMPREHENSIVE HEALTHCARE            : Jury Trial Demanded
MANAGEMENT SERVICES, LLC,           :
                                    : Electronically Filed
                Defendant.          :
------------------------------------------------------ X
```

## INDIVIDUAL AND COLLECTIVE/CLASS ACTION COMPLAINT
### Nature of the Action, Jurisdiction, and Venue

1.     This is an individual and collective/class action under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 207(a) & 216(b), and the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.104(c) & 333.113; and, a class action on the basis of breach of contract and the Pennsylvania Wage Payment and Collection Law (WPCL), 43 P.S. § 260.3, to recover damages for non-payment of wages; and, an individual claim for retaliation based upon the adverse actions taken against Plaintiff for engaging in protected activities under 215(a) of the FLSA.

2.     Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and, for the supplemental state claims, 28 U.S.C. § 1367(a).

3.     The actions and policies alleged to be unlawful were committed in whole or in part around Pittsburgh, PA, where Plaintiff worked for Defendant. This action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western

District of Pennsylvania.

**Parties**

4.    **Plaintiff Erik Blair** resides at 34 Observatory Street, Manor, PA 15665.  Plaintiff Blair worked for Defendant Comprehensive Healthcare Management Services at its Cheswick Rehabilitation and Wellness Center (3876 Saxonburg Boulevard, Cheswick, PA 15024) as a Registered Nurse from in or about September 2017 (when Defendant Comprehensive Healthcare Management Services acquired the facility from Consulate Healthcare) through January 23, 2018.

5.    Plaintiff regularly performed work within the state of Pennsylvania.

6.    **Defendant Comprehensive Healthcare Management Services, LLC ("Defendant Comprehensive Healthcare"),** a company operating long-term-care facilities and providing rehabilitation and nursing care throughout Pennsylvania and the United States, maintains its headquarters at 147 Reist Street, Williamsville, NY 14221.  Defendant has a Payroll Department with Payroll Department Manager and Scheduling and Payroll Consultants employed at its base in Williamsville, New York. Defendant Comprehensive Healthcare maintains over 20 facilities in the United States, with at least six of these in Western Pennsylvania.

7.    At all relevant times Defendant has been an enterprise engaged in interstate commerce with annual revenues in excess of $500,000 and has employees engaged in interstate commerce and the production of goods in interstate commerce and has been subject to the provisions of Section 203(s)(1) of the FLSA.

8.    Defendant has regularly employed individuals in the state of Pennsylvania, including Plaintiff, in the performance of work on behalf of Defendant and is, therefore, subject to the provisions of the FLSA, the PMWA and the WPCL.

## Statement of Claims

9.      Plaintiff is a Registered Nurse.

10.     Plaintiff began working at the Cheswick facility, formerly called Consulate Health Cheswick, in September 2016.

11.     In or about September 2017 Defendant acquired the facility from Consulate Healthcare and renamed it Cheswick Rehabilitation and Wellness Center.

12.     Plaintiff then continued to work at the facility, now for Defendant, until on or about January 23, 2018.

13.     Plaintiff was a W-2 employee.

14.     Plaintiff was an employee within the meaning of the FLSA and PMWA.

15.     Plaintiff was paid hourly ($33/hour).

16.     Plaintiff was also paid a bonus when working an extra shift: $50 for working an extra 4 hours; $100 for working an extra 8 hours.

17.     Plaintiff clocked in and clocked out.

18.     Plaintiff was entitled to overtime pay (1 ½ the regular rate of pay) when working more than 40 hours in a workweek.

19.     Plaintiff was non-exempt under the FLSA and PMWA.

20.     Plaintiff regularly worked more than 40 hours in workweeks.

21.     On average Plaintiff worked in excess of 50 hours per workweek.

22.     Notwithstanding the fact Plaintiff was non-exempt, and entered his time worked in the time-keeping system maintained by Defendant, Plaintiff was not paid for all of his

overtime hours.

23.     Rather, Defendant consistently failed to pay Plaintiff all of the overtime hours worked.

24.     In fact, from the very first paycheck it became evident Defendant was not paying Plaintiff for all hours recorded and worked.

25.     Defendant issues a paystub each pay period.

26.     The paystub lists, among other things, the hours worked, the rate of pay, overtime hours, gross pay and net pay after taxes/benefits.

27.     Payroll and payroll records, as well as time records, are managed by the Payroll Department at Defendant's New York headquarters.

28.     When Plaintiff received his first paycheck he realized there was a discrepancy between his hours worked and the hours listed on the paystub:  the hours on the paystub were fewer than what he had worked and fewer than what he had entered in the time records.

29.     In turn, Plaintiff was paid only for the hours listed on the paystub, not the actual hours worked or recorded.

30.     Plaintiff immediately complained to management about the discrepancy and demanded he be paid for the hours actually worked. Plaintiff also specifically complained about the fact that the "hours worked" on his paystub were false: he had worked more hours than were listed on the paystub.

31.     In fact, Defendant was falsifying the pay records: Defendant took the actual time records and only reflected the hours they wanted to pay, rather than the actual hours worked, on the paystubs and, in turn, paid less than it was legally obligated to pay.

32.     As Plaintiff learned over the course of his employment Defendant was consistently falsifying the time records and consistently failing to pay for the hours worked in workweeks, overtime workweeks as well as non-overtime workweeks, not only for

Plaintiff but for the other Registered Nurses as well.

33.   Notwithstanding being "shorted" in his first paycheck, and complaining to management about it, Plaintiff was never paid the wages owed in his first paycheck.

34.   The pattern continued throughout Plaintiff's employment: Defendant consistently falsified the records of time worked, failed to pay Plaintiff for all of the hours worked, Plaintiff complained to management, and Defendant still did not pay what it was legally obligated to pay.

35.   In or about December 2017 Plaintiff reported to the Department of Labor (DOL) that Defendant was falsifying records and not paying wages – particularly overtime wages – due.

36.   The DOL informed Plaintiff that complaints had already been made by other nurses and that an investigation had been initiated.

37.   The DOL also informed Plaintiff that the practices Plaintiff was complaining about (falsifying time and pay records, denying wages due) were occurring throughout Western Pennsylvania.

38.   Upon information and belief the practices at issue (falsifying time and pay records, denying straight time and overtime wages due) have been and still are occurring throughout the 20+ facilities operated by Defendant, including not just the facilities in Western Pennsylvania but the facilities in New York, New Jersey and Eastern Pennsylvania.

39.   The decisions made to falsify the time and pay records, and pay less than what is legally due, are made and continue to be made by management and staff at Defendant's headquarters in Williamsville, NY.

40.   These decisions have been made with the knowledge of local management as well, such as the managers of the facilities in Western Pennsylvania.

41.     These decisions (to falsify time and pay records and to deny straight pay and overtime pay due) are applied throughout Defendant's operations, not just in Western Pennsylvania, and with the knowledge of management throughout Defendant's operations.

42.     The Registered Nurses report to and perform their duties at various facilities of Defendant Comprehensive Healthcare, including the facility where Plaintiff worked, and other stores in Western Pennsylvania.

43.     There are at least 50 other Registered Nurses who have been employed by Defendant Comprehensive Healthcare since February 2015 (three years prior to the filing of this Complaint) in the Western Pennsylvania region alone.

44.     This Region includes at least 6 facilities: Cheswick Rehabilitation and Wellness Center; North Strabane Rehabilitation and Wellness Center; Brighton Rehabilitation and Wellness Center; Mt. Lebanon Rehabilitation and Wellness Center; Latrobe Health and Rehabilitation; and, Monroeville Rehabilitation and Wellness Center.

45.     There are at least 200 other Registered Nurses, like Plaintiff, who have been employed by Defendant at the facilities outside of Western Pennsylvania.

46.     The other Registered Nurses have performed the same primary duties as Plaintiff, specifically providing care to patients.

47.     The other Registered Nurses have been W-2 employees.

48.     The other Registered Nurses have been employees within the meaning of the FLSA and, for the Registered Nurses working in Pennsylvania, the PMWA.

49.     Defendant has a common policy and practice of falsifying time and pay records and denying pay (overtime and straight pay) to their Registered Nurses.

50.     Defendant knowingly and intentionally has violated the FLSA's mandate for overtime

pay.  29 U.S.C. § 207.

51. After Plaintiff complained about the falsification of time and pay records, and the denial of overtime pay, to management and to the Department of Labor, Defendant retaliated against Plaintiff.

52. For example, Defendant stopped payment on Plaintiff's paychecks.

53. The retaliation against Plaintiff is in violation of the FLSA.

54. Defendant knowingly and intentionally violated the FLSA's explicit requirement at 29 U.S.C. §211(c) that it maintain accurate records of time worked.

55. Plaintiff also has individual claims for retaliation under the FLSA and a violation of the Pennsylvania Wage Payment and Collection Law (WPCL) for breach of contract.

56. Despite its contractual obligation to compensate Plaintiff for work performed during non-overtime hours, Defendant breached those contractual obligations when it withheld Plaintiff's wages by stopping payment on his paychecks and by not paying Plaintiff at the straight rate promised.

57. Defendant did not have any good-faith basis on which to withhold the wages.

58. As a result of Defendant's breaches, Plaintiff has been denied the benefit of the bargain, and has suffered substantial damages in the form of unpaid wages.

59. Defendant's violations of the FLSA, PMWA and WPCL have been knowing, willful and in reckless disregard when it failed to pay Plaintiff at the overtime rate or the straight rate for those hours. Defendant has acted willfully and in reckless disregard of the FLSA, PMWA and WPCL.

**Collective/Class Action Averments**

60.     In the past three years Defendant has employed 50+ Registered Nurses in the Western PA region (the 6 facilities referred to in Par. 44).

61.     In the past three years Defendant has employed 200 + Registered Nurses throughout the country, including the Registered Nurses in Western PA.

62.     These other Registered Nurses perform the same primary job duties as Plaintiff: provide care to patients.

63.     These Registered Nurses have been hired and paid according to the same basic terms as Plaintiff: an hourly wage (normally about $33.00); and, bonuses.

64.     These 200 + Registered Nurses have been non-exempt within the meaning of the FLSA.

65.     The Registered Nurses in PA have been non-exempt within the meaning of the PMWA.

66.     Registered Nurses, like Plaintiff, work at Defendant's facilities not only in the Western Pennsylvania region but elsewhere in Pennsylvania, New Jersey and New York.

67.     Registered Nurses working for Defendant in Pennsylvania and nationally, like Plaintiff, regularly work more than forty hours per week.

68.     As with Plaintiff Defendant fails to maintain accurate records of time worked for the Registered Nurses.

69.     In fact, Defendant has a policy and practice of falsifying time and pay records in order to deny wages (straight and overtime) otherwise due.

70.     The Registered Nurses employed by Defendant over the past three years, nationally as well as in Pennsylvania, have been subject to the same time keeping and pay policies as

Plaintiff (see Par. 13-27, 31, 32, above).

71.     The 200+ Registered Nurses employed by Defendant Comprehensive Healthcare nationally (which includes the PA Registered Nurses) over the past three years have regularly worked overtime.

72.     Defendant Comprehensive Healthcare has knowingly and intentionally failed to pay the 200+ Registered Nurses for their overtime hours either at the straight rate or proper overtime rate.

73.     Defendant Comprehensive Healthcare's failure to pay overtime due to the 200+ Registered Nurses employed by Defendant over the past three years, and its failure to maintain accurate records of time worked, has been in violation of the FLSA and the PMWA.

74.     Defendant Comprehensive Healthcare has knowingly and intentionally violated the FLSA and PMWA with respect to the failure to pay overtime and failure to maintain accurate time records.

## <u>COUNT I:  VIOLATION OF THE FLSA</u><br><u>Individual and Collective Action (National)</u>

75.     Plaintiff incorporates by reference the preceding paragraphs of this complaint.

76.     Plaintiff and all other similarly situated Registered Nurses (the 200 + Registered Nurses working for Defendant in PA and elsewhere nationally) are employees of Defendant within the meaning of the FLSA.

77.     Defendant is an employer within the meaning of the FLSA.

78.     Plaintiff and all other similarly situated Registered Nurses have been paid an hourly rate.

79.     Plaintiff and the other similarly situated Registered Nurses have been non-exempt within the meaning of the FLSA.

80.     Plaintiff and all other similarly situated Registered Nurses have regularly worked more than forty hours per week (overtime work).

81.     Defendant has, as a matter of policy and practice, denied overtime compensation to Plaintiff and all other similarly situated Registered Nurses for overtime hours.

82.     Defendant has, as a matter of policy and practice, denied overtime compensation to Plaintiff and all other similarly situated Registered Nurses at the proper overtime rate.

83.     Defendant has, as a matter of policy and practice, failed to maintain accurate records of time worked for Plaintiff and all other similarly situated Registered Nurses.

84.     Defendant's failure to pay overtime at the proper rate to the Registered Nurses has violated and continues to violate the FLSA.

85.     For at least the past three years, Defendant's violations of the FLSA are knowing, willful, and in reckless disregard of the FLSA's overtime requirements.

86.     Plaintiff and all other similarly situated Registered Nurses are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

87.     Plaintiff and all other similarly situated Registered Nurses are also entitled to recover liquidated damages under 29 U.S.C. §§ 207(a) & 216(b).

## COUNT II:  VIOLATION OF THE PMWA
## Individual and Class Action (Pennsylvania)

88.    Plaintiff incorporates by reference the preceding paragraphs of this complaint.

89.    Plaintiff and all other similarly situated Registered Nurses in Pennsylvania are employees of Defendant within the meaning of the PMWA.

90.    Defendant is an employer within the meaning of the PMWA.

91.    Plaintiff and all other similarly situated Registered Nurses in Pennsylvania have been paid an hourly rate.

92.    Plaintiff and all other similarly situated Registered Nurses in Pennsylvania are non-exempt within the meaning of the PMWA.

93.    Plaintiff and all other similarly situated Registered Nurses in Pennsylvania have regularly worked more than forty hours per week.

94.    Defendant has, as a matter of policy and practice, denied overtime compensation to Plaintiff and all other similarly situated Registered Nurses in Pennsylvania for overtime hours.

95.    Defendant has, as a matter of policy and practice, denied overtime compensation to Plaintiff and all other similarly situated Registered Nurses in Pennsylvania at the proper overtime rate.

96.    Defendant's failure to pay overtime to Plaintiff and similarly situated Registered Nurses employed in Pennsylvania violates the PMWA.

97.    Defendant's failure to maintain accurate records of time worked for Plaintiff and similarly situated employees employed in Pennsylvania violates the PMWA.

98.     Plaintiff and similarly situated Registered Nurses employed in Pennsylvania are entitled to recover from Defendant the overtime pay improperly withheld by Defendant, plus interest, attorneys' fees, and costs.

### COUNT III:  VIOLATION OF THE FLSA (Retaliation)
### Individual

99.     Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint.

100.    Plaintiff is an employee of Defendant's within the meaning of the FLSA.

101.    Defendant is an employer within the meaning of the FLSA.

102.    Plaintiff engaged in a protected activity (complained about the falsification of time and pay records, denial of bonuses and overtime pay).

103.    Plaintiff suffered an adverse action following the protected acts (stopped payment on paychecks, denial of pay).

104.    There is a causal connection between the protected acts and the adverse employment action.

105.     There is no bona fide business reason for the retaliation.

106.    Defendant's retaliation against Plaintiff is in violation of the FLSA.

107.    Defendant's violation of the FLSA is knowing, willful, and in reckless disregard of the FLSA.

108.    Plaintiff is entitled to recover from Defendant the value of the lost wages, benefits, pre-judgment and post-judgment interest, attorneys' fees, and costs.

109.    Plaintiff is also entitled to recover liquidated damages under 29 U.S.C. §§ 207(a) & 216(b).

## COUNT IV:  BREACH OF CONTRACT
## Individual and Class Action (Pennsylvania)

110.    Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint.

111.    When Defendant hired Plaintiff and the other Registered Nurses in Pennsylvania it made definite, clear promises to pay a certain hourly rate and bonuses.

112.    Those promises created enforceable contractual obligations.

113.    Plaintiff and the other Registered Nurses in Pennsylvania provided consideration for those promises by promising to deliver and actually delivering valuable services to Defendant.

114.    Despite its contractual obligation to compensate Plaintiff and the other Registered Nurses in Pennsylvania for work performed, Defendant breached those contractual obligations when it withheld promised hourly wages and bonuses.

115.    The amount owed to Plaintiff and the other Registered Nurses in Pennsylvania represents wages.

116.    Defendant did not have any good-faith basis on which to withhold the wages.

117.    As a result of Defendant's breaches, Plaintiff and the other Registered Nurses in Pennsylvania have been denied the benefit of the bargain, and have suffered substantial damages in the form of unpaid wages.

118.    Plaintiff and the other Registered Nurses in Pennsylvania are entitled to damages commensurate with the unpaid wages, plus interest, plus compensatory damages resulting from the breach.

## COUNT V:  VIOLATION OF THE WPCL
## Individual and Class Action (Pennsylvania)

119.    Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint.

120.    Defendant's contractual obligation to pay Plaintiff and the other Registered Nurses in Pennsylvania for hours worked each week at an agreed upon amount created obligations under the WPCL, 43 P.S. § 260.1 *et seq*.

121.    The compensation Defendant failed to pay to Plaintiff and the other Registered Nurses in Pennsylvania for hours worked constitute wages within the meaning of the WPCL.

122.    Defendant violated the WPCL by failing to pay the promised wages for work Plaintiff and the other Registered Nurses in Pennsylvania performed.

123.    Defendant did not have any good-faith basis for withholding the promised wages.

124.    Plaintiff and the other Registered Nurses in Pennsylvania are entitled to unpaid wages as well as statutory penalties (25% of unpaid wages), pre-judgment and post-judgment interest, attorneys' fees, and costs.

## PRAYER FOR RELIEF

125.    WHEREFORE, Plaintiff and all others similarly situated respectfully request that this Court:

   A. Order Defendant to pay the unpaid overtime compensation owed to Plaintiff and all other similarly situated Registered Nurses (nationally);

B.  Order Defendant to pay liquidated damages to Plaintiff and all other similarly situated Registered Nurses (nationally);

C.  Order Defendant to pay Plaintiff and the other PA Registered Nurses for unpaid non-overtime wages (Pennsylvania);

D.  Order Defendant to pay pre- and post-judgment interest as well as the litigation costs and reasonable attorneys' fees incurred by Plaintiff and all other similarly situated Registered Nurses (nationally); and,

E.  Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

 s/Joseph H. Chivers
Joseph H. Chivers, Esq.
PA ID No. 39184
First & Market Building
Suite 650
100 First Avenue
Pittsburgh, PA  15222
jchivers@employmentrightsgroup.com
Tel: (412) 227-0763
Fax: (412) 774-1994

*Counsel for Plaintiff*
*and all others similarly situated*

Dated: February 28, 2018