IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIK BLAIR, on behalf of himself and similarly situated employees, | Civil Action No. 2:18-cv-00254 WSS |
| | Honorable William S. Stickman |
| Plaintiff, | ELECTRONCIALLY FILED |
| v. | |
| COMPREHENSIVE HEALTHCARE MANAGEMENT SERVICES, LLC; et. al., | |
| Defendants. | |

**THE DEPARTMENT OF LABOR'S MOTION TO DISMISS 216(b) FLSA CLAIMS AND STAY THE STATE CLASS/COLLECTIVE ACTION CLAIMS**

The intervening Plaintiff, Eugene Scalia, Secretary of Labor, U.S. Department of Labor, (the "Secretary") pursuant to 29 U.S.C. § 216 (c) of the Fair Labor Standards Act of 1938 as amended (the "FLSA/Act"), Fed. R. Civ. P. 12 (b)(1), or alternatively Rule 12 (b)(6), and the court's inherent authority to manage its docket, moves this Honorable Court to dismiss and stay certain claims in this matter as detailed in the attached memorandum in support of this motion.

Three separate claims have been filed regarding the alleged violations against the above-named defendants. Two are private individual and class/collective actions, alleging the defendants violated the FLSA, the Pennsylvania Minimum Wage Act (PMWA), 43 P.S. §§ 333.104(c) & 333.113, and the Pennsylvania Wage Payment and Collection Law (WPCL), 43 P.S. § 260.3. The two private claims were consolidated on March 2, 2020. The Secretary has also filed an action against the same defendants alleging violations of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act, and seeking relief under Sections 216(b) and 217. The Secretary's action covers the same time period at issue in the private actions.

The first private claim was filed on February 28, 2018 ("*Blair*"). The Secretary filed his claim on November 30, 2018 ("*Scalia*"). The second private claim was filed on December 14, 2018 ("*Pitkivitch*"). Even after the Secretary commenced his complaint, the private litigants continued to submit opt-in employees to their suits. As a matter of law, Sections 216(b) and 216(c) preclude the filing of private FLSA claims for the same violations and same time period once the Secretary files his complaint. The FLSA also bars the addition of new litigants to existing claims. Finally, the state class action claims of employees whose FLSA claims are precluded must be stayed because the FLSA provides greater remedies than the state claims. Staying the state class action claims would prohibit the Defendants from circumventing Congress' intent and settle for less than what the employees would be entitled to.

WHEREFORE, the Secretary prays that this honorable Court;

1. dismiss the FLSA claims in the *Pitkivitch* matter;

2. dismiss all FLSA Section 16(b) opt-in employees in the *Blair & Pitkivitch* matter after November 30, 2018, to wit: Ashely Homer, Valerie Pitkivitch, and Kimberly Horrell;

3. enjoin the *Blair* plaintiff from adding further FLSA Section 16(b) opt-in employees after November 30, 2018; i.e.; limit the FLSA 16(b) claim to the 8 opt-in employees listed in Exhibit A1 – A8; and

4. stay all state class-action claims in the consolidated complaint, i.e. the *Blair* and *Pitkivitch* matters, until the Secretary's claim is adjudicated (other than state law claims by the 8 opt-in employees listed in Exhibit A1-A8).

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Post Office Address | Kate S. O'Scannlain<br>Solicitor of Labor |
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>201 12th Street South, Suite 401<br>Arlington, VA 22202 | Oscar L. Hampton III<br>Regional Solicitor<br><br>*/s/ John Strawn*<br>John Strawn<br>Senior Trial Attorney |
| 202.693.9393 (voice)<br>202.693.9392 (fax)<br>lewis.ryma@dol.gov | */s/ Ryma Lewis*<br>Ryma Lewis<br>Senior Trial Attorney<br><br>*/s/ Mohamed Seifeldein*<br>Mohamed Seifeldein<br>Trial Attorney |

## CERTIFICATE OF SERVICE

I hereby certify that a correct copy of the foregoing was filed electronically and is available for viewing and downloading via the ECF system for the United States District Court for the Western District of Pennsylvania. I further certify that a copy of the same was served on counsel for Defendants and Consolidated Plaintiffs as listed below via the ECF system on November 17, 2020:

Joanna M. Rodriguez, Esq.
PA I.D. No. 318853
joanna.rodriguez@jacksonlewis.com
Jackson Lewis, P.C.

Marla N. Presley, Esq.
PA I.D. No. 91020
marla.presley@jacksonlewis.com

Stephanie Peet, Esq.
PA I.D. No. 91744
stephanie.peet@jacksonlewis.com
1601 Cherry Street, Ste. 1350
Philadelphia, PA 19102
Telephone:  (267) 319-7818
Facsimile:   (215) 399-2249
*Counsel for Facilities*

Joseph H. Chivers
Joseph H. Chivers, Esq.
jchivers@employmentrightsgroup.com
PA ID No. 39184
THE EMPLOYMENT RIGHTS GROUP, LLC
First & Market Building, Suite 650
100 First Avenue
Pittsburgh, PA 15222
Tel: (412) 227-0763/Fax: (412) 774-1994

John R. Linkosky, Esq.
linklaw@comcast.net
PA ID No. 66011
JOHN LINKOSKY & ASSOCIATES
715 Washington Avenue

Carnegie, PA 15106-4107
Tel: (412) 278-1280/Fax: (412) 278-128


Jeffrey W. Chivers, Esq.
jwc@chivers.com
Theodore I. Rostow, Esq.
ti@chivers.com
CHIVERS LLP
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201
Tel.: (718) 210-9826
*Counsel for Plaintiffs
and all others similarly situated*

                     */s/ Ryma Lewis*