UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------- x
       :
**ERIK BLAIR,**       :
on behalf of himself and       :
similarly situated employees,       :
       :   Civil Action No. 2:18-cv-00254 WSS
*Plaintiff*,       :
       :   **Electronically filed**
v.       :
       :
**COMPREHENSIVE HEALTHCARE**       :
**MANAGEMENT SERVICES, LLC, ET**       :
**AL.**       :
       :
*Defendants.*       :
------------------------------------------------------- x

**Plaintiffs' Motion to Dismiss without Prejudice
the FLSA Claims of Plaintiffs Ashley Homer, Valerie Pitkivitch, and Kimberly Horrell**

And now come Plaintiffs, by and through their undersigned counsel, and hereby file this motion to dismiss without prejudice the FLSA claims of Plaintiffs Ashley Homer, Valerie Pitkivitch, and Kimberly Horrell.

This action began on February 28, 2018, when Plaintiff Erik Blair filed an individual-, class-, and collective-action complaint against Defendant CHMS on behalf of himself and others similarly situated (ECF No. 1). Since then, two additional actions were filed in this Court, marked as related to the Blair action, and assigned to the same Judge. *See Pitkivitch v. Comprehensive Healthcare Management Services, LLCS*, et al, No. 2:18-cv-01667 (W.D. Pa.); *Acosta v. Comprehensive Healthcare Management Services, LLCS, et al*, 18-cv-01608 (W.D. Pa.).[1]  In

---

[1] The three actions (*Blair*, *Pitkvitich*, and *Acosta*) were initially assigned to Judge Phipps, whose nomination to the U.S. Court of Appeals for the Third Circuit was confirmed by the Senate on May 16, 2019. After Judge Phipps' confirmation, Chief Judge Hornak ruled on motions in these actions (*see, e.g.*, ECF No. 76) until the cases were reassigned to Judge Stickman in August 2019 (*see, e.g.*, ECF No. 79). *See, e.g.*, Order Reassigning Case, *Pitkivitch*, No. 2:18-cv-01667 (ECF No. 26).

March 2020, Plaintiffs filed a Consolidated, Individual and Collective/Class Action Complaint (ECF No. 86), which consolidated the subsequently filed, related action in *Pitkivitch*, added Valerie Pitkivitch and Kimberly Horrell as named Plaintiffs, and added the other Defendants to the action.

On November 17, 2020, the Court entered an order and memorandum opinion granting the Department of Labor's motion to intervene. (ECF No. 123 (Memorandum Opinion).) In the memorandum opinion, the Court observed that, under 29 U.S.C. § 216(b), an employee's right to bring an action under 29 U.S.C. § 216(b) "shall terminate" upon the filing of a complaint by the Secretary under 29 U.S.C. § 216(c) that names the employee. *See* ECF No. 123 at 10; *see also* 29 U.S.C. § 216(b)&(c).

Upon consideration of the Department of Labor's Motion to Dismiss (ECF No. 125), Plaintiffs concur that Plaintiffs Homer, Pitkivitch, and Horrell cannot be party plaintiffs in this Court under the Fair Labor Standards Act so long as the Department's enforcement action is ongoing. This is because their right to be "party plaintiffs" terminated when the Department filed an enforcement action under § 216(c) that named these individuals before these individuals filed their opt-in consent forms to become party plaintiffs in this action.[2] Accordingly, given the pending Department enforcement action under the FLSA, 29 U.S.C. § 216(c), Plaintiffs ask this Court to dismiss without prejudice the FLSA claims of Plaintiffs Homer, Pitkivitch, and Horrell.[3]

---

[2] Plaintiffs do not concede that employees such as Homer, Pitkivitch, and Horrell are prohibited from participating in a private settlement merely because they are unable to become "party plaintiffs" in this action. *See, e.g.*, ECF No. 112 at 3–4 & n.4. However, Plaintiffs do concur with the Department that these individuals are unable to be "party plaintiffs" in the procedural circumstances of this case.

[3] Plaintiffs respectfully clarify that they do not seek dismissal of these Plaintiffs' state-law claims and respectfully submit the Court should grant Plaintiffs' contemporaneously filed motion for leave to submit a proposed amended case management order that will govern the completion of

WHEREFORE, Plaintiffs respectfully ask this Court to enter an order dismissing without prejudice the FLSA claims of Plaintiffs Ashley Homer, Valerie Pitkivitch, and Kimberly Horrel. A proposed order is attached. Plaintiffs' counsel understands that the Department of Labor consents to the relief sought in this motion, and Defendants oppose this motion.

Date:   January 19, 2021
        Pittsburgh, PA

By:     /s/ Joseph H. Chivers
        Joseph H. Chivers, Esq.
        The Employment Rights Group, LLC
        100 First Avenue, Suite 650
        Pittsburgh, PA  15222
        Tel.:  (412) 227-0763
        jchivers@employmentrightsgroup.com

        *Counsel for Plaintiffs
        and all others similarly situated*

---

discovery and litigation on these Plaintiffs' state-law claims and the other claims remaining in this action after the dismissal without prejudice of the FLSA claims of Homer, Pitkivitch, and Horrell.