UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------- x
:
**ERIK BLAIR,** :
on behalf of himself and :
similarly situated employees, :
: **Civil Action No. 2:18-cv-00254 WSS**
:
*Plaintiff*, :
:
v. :
:
**COMPREHENSIVE HEALTHCARE** :
**MANAGEMENT SERVICES, LLC, ET** :
**AL.** :
:
*Defendants.* :
------------------------------------------------------- x

**Plaintiffs' Motion to Withdraw**
**Their Motion for Preliminary Approval of Settlement Agreement (ECF No. 93)**

And now come Plaintiffs, by and through their undersigned counsel, and hereby file this motion to withdraw Plaintiffs' Motion for Preliminary Approval of Settlement Agreement (ECF No. 93).

**Background**

This is a hybrid (state and federal) wage-and-hour class and collective action seeking to recover unpaid wages. This action began on February 28, 2018, when Plaintiff Erik Blair filed an individual-, class-, and collective-action complaint against Defendant CHMS on behalf of himself and others similarly situated.

Since then, two additional actions were filed in this Court, marked as related to the *Blair* action, and assigned to the same Judge. *See Pitkivitch v. Comprehensive Healthcare Management Services, LLCS*, et al, No. 2:18-cv-01667 (W.D. Pa.); *Acosta v. Comprehensive Healthcare Management Services, LLCS, et al*, 18-cv-01608 (W.D. Pa.). In March 2020, Plaintiffs filed a Consolidated, Individual and Collective/Class Action Complaint (ECF No. 86), which

consolidated the subsequently filed, related action in *Pitkivitch*, added Valerie Pitkivitch and Kimberly Horrell as named Plaintiffs, and added the other Defendants to the action.  Defendants answered the consolidated complaint, denying that it violated any applicable law and contending it paid its hourly workers for all hours worked.

Under the most recent order regarding the deadlines for discovery, ECF No. 83, Plaintiffs and Defendants had until July 13, 2020, to complete discovery related to a potential motion for conditional certification under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b). *See* ECF No. 83.  However, before that deadline, Plaintiffs reached a class-action settlement agreement with Defendants.

As relevant to this motion, the settlement agreement contains an express provision that allows either party to void the settlement agreement in certain circumstances.  Specifically, Section 28 of the agreement provides that, in the event "the Court does not preliminarily or finally approve the Settlement as provided herein; ***or [] the Settlement does not become final for any other reason***, the Parties agree to engage in follow up negotiations with the intent of resolving the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty days." ECF No. 93-1 at 12 (emphasis added).  The settlement agreement continues, "if the Parties are not able to reach another agreement, then either ***Party may void this Agreement***; at that point, the Parties agree that each shall return to their respective positions on the day before this Agreement, that this Agreement shall not be used in evidence or argument in any other aspect of their litigation." *Id.* (emphasis added).

On June 22, 2020, Plaintiffs moved for preliminary approval of a class action settlement pursuant to Federal Rule of Civil Procedure 23 that, had it been approved, would have permitted

2

both the Plaintiffs and putative class members to release their claims under both the FLSA and Pennsylvania law.

Based on the settlement agreement, the Department of Labor moved to intervene in this action challenging the agreement as infringing on the rights of the Secretary. Since June 2020, the Parties and the Plaintiff-Intervenor Department of Labor have been engaged in substantial briefing before this Court related to the Department's and the SEIU's motions for intervention and subsequent motions by the Department. (*See* ECF Nos. 90–130.)

On November 17, 2020, this Court granted the Department of Labor's motion to intervene. In the memorandum opinion, the Court explained, *inter alia*, that, "while it may be the case that the named individuals above are infringing on the Secretary's right to enforce the provisions of the FLSA, the substance of the alleged harm comes from the proposed settlement agreement between the parties." ECF No. 123 at 11. The Court also underscored that "[r]esolution of the parties' proposed settlement agreement in its current form may have the effect of precluding the claims of individuals in his pending FLSA action." *Id.*

Following the Court's ruling on November 17, 2020, and given the granting of intervention to the Department of Labor and the duration of time that has transpired since Plaintiffs entered into the settlement agreement, Plaintiffs determined that the conditions for nullification of the settlement agreement under Section 28 of the settlement agreement had been satisfied.

On or before December 15, 2021, Plaintiffs' counsel notified counsel for Defendants that Plaintiffs were invoking the nullification provisions of the settlement agreement. Both in the months preceding that decision and thereafter, per the settlement agreement, Plaintiffs have repeatedly attempted to reach a new agreement with CHMS that addresses the Court's conclusion that the Secretary's interests may be "threatened" by this action, *see* ECF No. 123 at 14. These

efforts have included multiple teleconferences with CHMS's outside counsel and at least one teleconference with CHMS's inside and outside counsel. Plaintiffs also sent a written offer at the request of CHMS's in-house counsel. Despite those substantial efforts, however, Plaintiffs and Defendants have been unable to reach a new agreement.

**Argument**

Plaintiffs respectfully move to withdraw their motion for preliminary approval of the class action settlement (ECF No. 93) as moot because the settlement agreement has been nullified pursuant to its terms. Plaintiffs have valid claims under state and federal law to recover back wages from Defendants, and they are eager to complete the discovery and litigation of their claims so they can obtain the back wages they are owed.

When Plaintiffs entered into the settlement agreement, ECF No. 94-1, they were eager to resolve their claims and receive timely payment for the back wages owed to them. As Plaintiffs have argued previously (in joint filings with the Defendants), the *substance* of the settlement agreement provided Plaintiffs and the proposed settlement class with a fair, adequate, and reasonable compromise of their back wages. *See, e.g.*, ECF Nos. 104, 112, 113, 118.

But when Plaintiffs entered into this settlement, they did so with the understanding that they would receive prompt payment under the settlement agreement. It was material to the representative plaintiffs and the interests of the class that, in the midst of the COVID-19 crisis and the ensuing economic fallout (that is still ongoing), the plaintiffs and class members would be paid swiftly for their back wages. Plaintiffs' motion for preliminary approval requested the Court to conduct a Final Approval Hearing "approximately 90 days after the Court's Preliminary Approval Order." ECF No. 93-2 at 3.

4

The reality of the settlement agreement has been completely different than this, and several fundamental premises of the Plaintiffs on the settlement agreement entering into the agreement have been frustrated.  Since June 2020, the Parties and the Plaintiff-Intervenor Department of Labor have been engaged in extensive briefing before this Court related to the Department's and the SEIU's motions for intervention and subsequent motions by the Department.  (*See* ECF Nos. 90–130.)  Plaintiffs joined the Defendants in seeking to oppose intervention by third parties because, as noted previously, Plaintiffs believe the settlement agreement, in substance, is a fair, adequate, and reasonable settlement for themselves and the proposed settlement class.

But Plaintiffs and Defendants lost their joint opposition to the Department's intervention when the Court entered its order and memorandum opinion granting the Department's intervention.  *See* ECF No. 123.  Furthermore, the Court's memorandum opinion underscored that the Department's interests are "threatened" by this action and "the substance of the alleged harm [to the Department] comes from the proposed settlement agreement between the parties."  ECF No. 123 at 11.  The Court also underscored that "[r]esolution of the parties' proposed settlement agreement in its current form may have the effect of precluding the claims of individuals in his pending FLSA action."  *Id.*

Beyond these conclusions about the settlement agreement, in the memorandum opinion the Court also observed that, under 29 U.S.C. § 216(b), an employee's right to bring an action under 29 U.S.C. § 216(b) "shall terminate" upon the filing of a complaint by the Secretary under 29 U.S.C. § 216(c) that names the employee.  *See* ECF No. 123 at 10; *see also* 29 U.S.C. § 216(b)&(c).  Based on this conclusion in these circumstances and the Department's subsequent motion to dismiss, Plaintiffs concur that Plaintiffs Homer, Pitkivitch, and Horrell cannot be party plaintiffs in this Court under the Fair Labor Standards Act so long as the Department's enforcement action

is ongoing. Plaintiffs have moved to dismiss without prejudice the FLSA claims of Plaintiffs Homer, Pitkivitch, and Horrell. Plaintiffs have filed that motion to dismiss contemporaneously with this motion.

Moreover, the Court, in granting the Secretary's motion to intervene, impliedly rejected Plaintiffs' alternative request that the Court conduct a fairness hearing. In responding to the Secretary's motion to intervene, Plaintiffs and CHMS expressly asked the Court to conduct a fairness hearing of the Rule 23 settlement. *See, e.g.*, ECF No. 104 at 14 ("Alternatively, if the Court allows the Secretary to intervene, the Court nonetheless should proceed to reviewing the fairness, adequacy, and reasonableness of the Settlement Agreement and the Secretary's intervention should be limited to opposing that Settlement."); ECF No. 112 at 8 ("The Court should proceed to reviewing the Settlement for its fairness, adequacy, and reasonableness and considering the Secretary's and any other objections."); *see also* ECF No. 118 at 5 (explaining that Plaintiffs and CHMS "are prepared to address [the SEIU's objections] in the course of the Court's review of the Settlement"). In granting the Secretary's motion to intervene, the Court clearly considered and rejected the Parties' repeated requests to conduct a fairness hearing, which of course were also set forth in Plaintiffs' motion for preliminary approval.

Against this backdrop, in December 2020, Plaintiffs concluded that the terms of nullification under Section 28 of the settlement agreement had been satisfied. And, to the extent the Court reaches this issue, the Court should conclude that Plaintiffs were correct to conclude the settlement agreement has been nullified under Section 28.

Under Section 28 of the settlement agreement, the conditions for nullification are broad. Either party had the election to nullify the agreement in two circumstances: "(a) the Court does not preliminarily or finally approve the Settlement as provided herein . . . or (b) the Settlement

6

does not become final for any other reason[.]" ECF No. 93 at 12. When Plaintiffs entered into the settlement agreement, the parties had conducted substantial discovery on the Plaintiffs' claims. Indeed, given the data-driven nature of Plaintiffs' data-driven claims (liability is calculated by comparing the time records maintained by CHMS with the amounts employees were paid for each workweek), it is likely that Plaintiffs will need less than seven months to complete discovery in this action and move for summary judgment. Had Plaintiffs known that the settlement agreement would remain pending for seven months without a ruling on Plaintiffs' motion for preliminary approval, Plaintiffs would have rejected a settlement agreement and insisted on completing discovery. Plaintiffs agreed to the settlement in order to recover substantial compensation (more than 100% of backwages owed under Plaintiff-favorable assumptions) without substantial delay. Plaintiffs respectfully submit that nearly seven-month delay in a ruling on Plaintiffs' motion for preliminary approval itself satisfies the contractual language permitting nullification where "the Settlement does not become final for any other reason."

At the current juncture, Plaintiffs are arguably further away from receiving payment for their back wages than they were in June 2020. Plaintiffs cannot reach any other conclusion than that the settlement agreement has "not become final" within the timeframe they reasonably expected when the settlement agreement was reached. For plaintiffs seeking to recover their back wages swiftly through a settlement in the middle of the ongoing COVID pandemic, settlement delayed is settlement denied. This extended delay with no end in sight, combined with the Court's implicit rejection of Plaintiffs' requests for a fairness hearing, *see, e.g.*, ECF Nos. 104 at 14; 112 at 8; 118 at 5, the Court's ruling on the Department's motion for intervention, *see* ECF No. 123, and the motion to dismiss without prejudice three signatories on the settlement agreement (Plaintiffs Homer, Pitkivitch, and Horrell), *see* ECF No. 125 (the Department's Motion); ECF No.

133 (Plaintiffs' Motion to Dismiss), all cement the conclusion that Plaintiffs have concluded reasonably that the settlement agreement could be nullified by "either Party" under Section 28. Accordingly, Plaintiffs invoked the nullification provisions and made best efforts to reach an alternative agreement with Defendants. In these circumstances, per the terms of the settlement agreement, the settlement agreement is null and void.

Wherefore, Plaintiffs request to withdraw their Motion for Preliminary Approval of Settlement Agreement (ECF No. 93). Defendants have been consulted and oppose this motion. A proposed order is attached.

Dated:   January 19, 2021
         Pittsburgh, PA

                              By:      /s/ Joseph H. Chivers
                                       Joseph H. Chivers, Esq.
                                       The Employment Rights Group, LLC
                                       100 First Avenue, Suite 650
                                       Pittsburgh, PA  15222
                                       Tel.:  (412) 227-0763
                                       jchivers@employmentrightsgroup.com