IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIK BLAIR, *on behalf of himself and similarly situated employees,*<br><br>*Plaintiffs,*<br><br>v.<br><br>COMPREHENSIVE HEALTHCARE MANAGEMENT SERVICES, LLC,<br><br>*Defendant.* | Civil Action No. 2:18-cv-254<br><br>Hon. William S. Stickman IV<br><br>Lead Case |
| VALERIE PITKIVITCH, *et al.*, *on behalf of herself and similarly situated employees,*<br><br>*Plaintiffs,*<br><br>v.<br><br>COMPREHENSIVE HEALTHCARE MANAGEMENT SERVICES, LLC, *et al.*,<br><br>*Defendants.* | Civil Action No. 2:18-cv-1667<br><br>Member Case |

## ORDER OF COURT

Plaintiffs, on behalf of themselves and all others similarly situated, filed a Motion to Dismiss Without Prejudice the Fair Labor Standards Act ("FLSA") claims of Ashley Homer,

1

Valerie Pitkivitch, and Kimberly Horrell. (ECF No. 133).[1] Plaintiffs also filed a Motion to Withdraw Their Motion for Preliminary Approval of Settlement Agreement (ECF No. 134), and a Motion for Leave to File a Proposed Amended Case Management Order (ECF No. 135). Defendants filed a Brief in Opposition to Plaintiffs' Motion to Withdraw Their Motion for Preliminary Approval of Settlement Agreement (ECF No. 143), in which they addressed all three of Plaintiffs' Motions.[2] (ECF No. 143, p. n.1).

The Settlement Agreement and Release ("Settlement Agreement") (ECF No. 93-1) provides:

> **Nullification of Settlement Agreement.** In the event: (a) the Court does not preliminarily or finally approve the Settlement as provided herein; or (b) the Settlement does not become final for any other reason, the Parties agree to engage in follow up negotiations with the intent of resolving the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty days. If the settlement is not approved as resubmitted or if the Parties are not able to reach another agreement, then either Party may void this Agreement; at that point, the Parties agree that each shall return to their respective positions on the day before this Agreement, that this Agreement shall not be used in evidence or argument in any other aspect of their litigation.

(ECF No. 93-1, p. 12). Accordingly, the express language of the Settlement Agreement allows for its nullification where the Court does not approve, or where it does not become final for any other reason. (ECF No. 93-1, p. 12). The Unopposed Motion for Preliminary Approval of Settlement Agreement (ECF No. 93) has been pending before the Court since June 22, 2020 (approximately

---

[1] The United States Department of Labor consents to this Motion. (ECF No. 133, p. 3).

[2] Defendants address Plaintiffs' Motion to Dismiss Without Prejudice the Fair Labor Standards Act ("FLSA") claims of Ashley Homer, Valerie Pitkivitch, and Kimberly Horrell (ECF No. 133), and Plaintiff's Motion for Leave to File a Proposed Amended Case Management Order (ECF No. 135) by arguing that those motions "should be denied for largely the same reasons . . . ." (ECF No. 143, p. 1). Defendants contend that Plaintiffs "cannot withdraw their claims because those claims are part of a negotiated settlement agreement. And because the [p]arties have agreed to an enforceable settlement agreement, the Court should not grant Plaintiffs' request for an amended case management order . . . ." (ECF No. 143, p. 1, n.1).

seven months). This delay was caused by proceedings relating to the United States Department of Labor's intervention. In permitting intervention, the Court observed that proceeding with this case would inappropriately permit certain individuals participate in violation of 29 U.S.C. §§ 216(b) and (c), and that the proposed Settlement Agreement may have a prejudicial, preclusive effect in the related matter of *Acosta v. Comprehensive Healthcare Management Services, LLC, et al.*, No. 2:18-cv-01608-WSS (W.D. Pa.). (ECF No. 123, p. 11).

In light of the United States Department of Labor's intervention in this matter, together with potential prejudicial effects accompanying the proposed Settlement Agreement and the substantial length of time the Settlement Agreement has been pending, Plaintiffs' anticipatory withdrawal of their prior motion (ECF No. 93) is consistent with the nullification provision set forth in the proposed Settlement Agreement. While the Court has not *per se* approved or disapproved of the Settlement Agreement, it is clear that the proposed Settlement Agreement has not become final at this point in time, and given the sequence of events that have occurred after the Settlement Agreement was put before the Court, it will not preliminarily approve the Settlement Agreement, as drafted and submitted. As a result, the Court agrees with Plaintiffs, and finds that they have properly invoked the "Nullification of Settlement Agreement" provision.

AND NOW, this 12th day of February 2021, for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiffs' Motion to Withdraw Their Motion for Preliminary Approval of Settlement Agreement (ECF No. 134) is GRANTED. Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement Agreement (ECF No. 93) is DENIED as moot. Plaintiffs' Motion to Dismiss without Prejudice the FLSA Claims of Plaintiffs Ashely Homer, Valerie Pitkivitch, and Kimberly Horrell (ECF No. 133) is GRANTED. Plaintiffs' Motion for Leave to File a Proposed Amended Case Management Order (ECF No. 135) is TERMINATED. The parties

are HEREBY ORDERED to meet and confer and submit their joint proposed amended case management order within thirty days of this Order.

BY THE COURT:

/s/ William S. Stickman IV
WILLIAM S. STICKMAN, IV
UNITED STATES DISTRICT JUDGE

2/12/21
Dated