## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

```
------------------------------------------------------- x
                                       :
ERIK BLAIR,                            :
on behalf of himself and               :  Civil Action No. 2:18-cv-00254 WSS
similarly situated employees,          :
                                       :
          Plaintiff,                   :  THIRD CONSOLIDATED
                                       :  AMENDED COMPLAINT
          v.                           :
                                       :  Jury Trial Demanded
COMPREHENSIVE HEALTHCARE               :
MANAGEMENT SERVICES, LLC,              :
                                       :  Electronically Filed
          Defendant.                   :
------------------------------------------------------- x
```

### THIRD CONSOLIDATED AMENDED COMPLAINT
### Nature of the Action, Jurisdiction, and Venue

1.    This is an individual action for eight Plaintiffs under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 207(a) & 216(b), and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.104(c) & 333.113, to recover damages for non-payment of overtime wages; a class action on the basis of breach of contract and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.3, to recover damages for non-payment of non-overtime wages; and an individual claim for retaliation based upon the adverse actions taken against Plaintiff Blair for engaging in protected activities under 215(a) of the FLSA.

2.    Jurisdiction of this court is invoked under 28 U.S.C. § 1331 and, for the supplemental state claims, 28 U.S.C. § 1367(a).

3.    The actions and policies alleged to be unlawful were committed in whole or in part around western counties of Pennsylvania, where Plaintiffs and the other class members worked for Defendants.  This action is within the jurisdiction of, and venue is proper in, the United States District Court for the Western District of Pennsylvania.

### Parties

4.     **Plaintiff Erik Blair** resides at 34 Observatory Street, Manor, PA 15665.  Plaintiff Blair was employed jointly and severally by Defendants Comprehensive Healthcare Management Services, LLC, CHMS Group, LLC, and  Cheswick Rehabilitation and Wellness Center, LLC (3876 Saxonburg Boulevard, Cheswick, PA 15024) as a Registered Nurse at the Cheswick Rehabilitation and Wellness Center from in or about September 2017 (when Defendants Comprehensive Healthcare Management Services, LLC, and CHMS Group, LLC, purchased the facility from Consulate Healthcare) through January 23, 2018.

5.     **Plaintiff Alana Richey** resides at 31 Chalfonte Avenue, Pittsburgh, PA 15229.  Plaintiff Richey was employed jointly and severally by Defendants Comprehensive Healthcare Management Services, LLC, CHMS Group, LLC, and  Cheswick Rehabilitation and Wellness Center, LLC (3876 Saxonburg Boulevard, Cheswick, PA 15024) as a Registered Nurse at the Cheswick Rehabilitation and Wellness Center from in or about September 2017 (when Defendants Comprehensive Healthcare Management Services, LLC, and CHMS Group, LLC, purchased the facility from Consulate Healthcare) through January 2018.

6.     **Plaintiff Melanie Adley** resides at 306 Adley Lane, Cabot, PA 16023.  Plaintiff Adley was employed jointly and severally by Defendants Comprehensive Healthcare Management Services, LLC, CHMS Group, LLC, and Cheswick Rehabilitation and Wellness Center, LLC (3876 Saxonburg Boulevard, Cheswick, PA 15024) as a Registered Nurse at the Cheswick Rehabilitation and Wellness Center during the time relevant to this lawsuit.

7.     **Plaintiff Kristi Gaynord** resides at 3130 Camberly Drive, Gibsonia, PA 15044.  Plaintiff Gaynord was employed jointly and severally by Defendants Comprehensive Healthcare Management Services, LLC, CHMS Group, LLC, and  Cheswick Rehabilitation and Wellness Center, LLC (3876 Saxonburg Boulevard, Cheswick, PA 15024) as a Registered Nurse at the Cheswick Rehabilitation and Wellness Center from in or about September

2017 (when Defendants Comprehensive Healthcare Management Services, LLC, and CHMS Group, LLC, purchased the facility from Consulate Healthcare) through the present.

8.      **Plaintiff Pat Mohr** resides at 1921 Fox Chapel Rd, Pittsburgh, PA 15238.  Plaintiff Mohr was employed jointly and severally by Defendants Comprehensive Healthcare Management Services, LLC, CHMS Group, LLC, and Cheswick Rehabilitation and Wellness Center, LLC (3876 Saxonburg Boulevard, Cheswick, PA 15024) as a Registered Nurse at the Cheswick Rehabilitation and Wellness Center from in or about September 2017 (when Defendants Comprehensive Healthcare Management Services, LLC, and CHMS Group, LLC, purchased the facility from Consulate Healthcare) through the present.

9.      **Plaintiff Catherine Rumbaugh** resides in Bairdford, PA 15006.  Plaintiff Rumbaugh was employed jointly and severally by Defendants Comprehensive Healthcare Management Services, LLC, CHMS Group, LLC, and  Cheswick Rehabilitation and Wellness Center, LLC (3876 Saxonburg Boulevard, Cheswick, PA 15024) as a Registered Nurse at the Cheswick Rehabilitation and Wellness Center from in or about September 2017 (when Defendants Comprehensive Healthcare Management Services, LLC, and CHMS Group, LLC, purchased the facility from Consulate Healthcare) through the present.

10.     **Plaintiff Anne Alcorn** resides at 123 Commons Drive, Oakmont PA 15139.   Plaintiff Alcorn was employed jointly and severally by Defendants Comprehensive Healthcare Management Services, LLC, CHMS Group, LLC, and Cheswick Rehabilitation and Wellness Center, LLC (3876 Saxonburg Boulevard, Cheswick, PA 15024) as a Registered Nurse at the Cheswick Rehabilitation and Wellness Center from in or about January 2018 until on or about August 9, 2018.

11.     **Plaintiff Khara McNair** resides at 17 McKee Avenue, Monessen, PA 15062.   Plaintiff McNair was employed jointly and severally by Defendants Comprehensive Healthcare Management Services, LLC, CHMS Group, LLC, and Cheswick Rehabilitation and

Wellness Center, LLC (3876 Saxonburg Boulevard, Cheswick, PA 15024) as a Registered Nurse at the Cheswick Rehabilitation and Wellness Center from in or about April 2018 through the present.

12.   **Plaintiff Ashley Homer** resides at 50 Columbia Avenue, Greenville, PA 16125. Plaintiff Homer was employed jointly and severally by Defendants Comprehensive Healthcare Management Services, LLC, CHMS Group, LLC, and The Grove at Greenville (110 Fredonia Road, Greenville, PA 16125) as a Registered Nurse at the Cheswick Rehabilitation and Wellness Center during the time relevant to this lawsuit.

13.   **Plaintiff Valerie Pitkivitch** resides at 1705 Juniata Street, Natrona Heights, PA 15065. Plaintiff has worked for Defendants Comprehensive Healthcare Management Services, LLC, and CHMS Group, LLC, at the Cheswick Rehabilitation and Wellness Center (3876 Saxonburg Boulevard, Cheswick, PA 15024) as a Licensed Practical Nurse (LPN) since on or about September 12, 2017 (when Defendants acquired the facility from Consulate Healthcare).

14.   **Plaintiff Kimberly Horrell** resides in Indiana, PA 15701.  Plaintiff Horrell has been employed jointly and severally by Defendants Comprehensive Healthcare Management Services, LLC, CHMS Group, LLC, and Cheswick Rehabilitation and Wellness Center, LLC (3876 Saxonburg Boulevard, Cheswick, PA 15024) as a Certified Nursing Assistant (CNA) at the Cheswick Rehabilitation and Wellness Center from in or about June 2012 through the present. (In or about September 2017, Defendants Comprehensive Healthcare Management Services, LLC, and CHMS Group, LLC, purchased the facility from Consulate Healthcare.)

15.   Since the filing of the original Complaint in the *Blair* matter, there have been seven (7) opt-in Plaintiffs (listed above) who have joined that action by filing Opt-In Forms under Section 216(b) of the FLSA prior to the filing of *Acosta v. Comprehensive Healthcare*

*Management Services, LLCS, et al*, 18-cv-01608 (W.D. Pa.)[1], meaning there are now eight (8) individual Plaintiffs in the FLSA part of this matter. The seven (7) opt-in Plaintiffs, like Plaintiff Blair, have been jointly and severally employed by Defendants Comprehensive Healthcare Management Services, LLC, and CHMS Group, LLC, as well as by one or more of the individual nursing facility defendants identified in Par. 21, below.

16.     Plaintiffs have regularly performed work within the state of Pennsylvania.

17.     **Defendant Comprehensive Healthcare Management Services, LLC ("Defendant CHMS, LLC"), individually and/or jointly** owns and/or operates one or more of the 18-some nursing facilities in Western Pennsylvania identified in Par. 21 (below), is engaged in the care of the sick and aged within the meaning of 29 U.S.C. § 203(s)(1)(B), and is part of an enterprise performing related activities (through unified operation or common control) for a common business purpose within the meaning of 29 U.S.C. § 203(r)(1) together with Defendant CHMS Group, LLC, and the other nursing facility defendants identified in Par. 21, below.

18.     **Defendant CHMS Group, LLC ("Defendant CHMS Group, LLC"),** individually and/or jointly owns and/or operates one or more of the 16-some nursing facilities in Western Pennsylvania identified in Par. 21 (below), and/or provides common services of payroll, time-keeping, accounts receivable and accounts payable to these same nursing facilities (Par. 21, below) that are engaged in the care of the sick and aged within the meaning of 29 U.S.C. § 203(s)(1)(B), and is part of an enterprise performing related activities (through unified operation or common control) for a common business purpose

---

[1] Plaintiff Blair initially asserted this FLSA collective action on February 28, 2018, and eight (8) RNs ( including Blair ) have opted into the action.   On November 30, 2018, DOL commenced an action, pursuant to 29 U.S.C. § 217, for violation of the FLSA against CHMS, CHMS Group, LLC, and certain other limited liability corporations engaged in the care of the sick and aged within the meaning of 29 U.S.C. § 203(s)(1)(B).   *See* Compl., *Acosta v. Comprehensive Healthcare Management Services, LLCS, et al*, No. 18-cv-01608 (ECF No. 1).  The *Acosta* complaint named approximately 1,951 employees of the defendants as covered by that action.  *Id.* sched. A.  So long as the *Acosta* action is ongoing, the FLSA claims in this Third Consolidated Amended Complaint applies only to those opt-in Plaintiffs (eight of them) who opted into this action prior to the filing of the Acosta action.

within the meaning of 29 U.S.C. § 203(r)(1) together with Defendant Comprehensive Healthcare Management Services, LLC, and the other nursing facility defendants identified in Par. 21, below. Defendant CHMS Group, LLC, maintains its headquarters at 600 Broadway, Suite E, Lynbrook, New York 11563.

19.   **Defendant Samuel Halper** is an owner and chief executive operating officer – with direct control over pay and operational policies among other executive functions – of Defendant Comprehensive Healthcare Management Services, LLC, Defendant CHMS Group, LLC, and the nursing facilities identified in Par. 21 (below), is engaged in the care of the sick and aged within the meaning of 29 U.S.C. § 203(s)(1)(B), and is part of an enterprise performing related activities (through unified operation or common control) for a common business purpose within the meaning of 29 U.S.C. § 203(r)(1) together with Defendants Comprehensive Healthcare Management Services, LLC, CHMS Group, LLC, Ephram Lahasky and the other nursing facility defendants identified in Par. 21, below.  Defendant Halper is an employer within the meaning of the FLSA, *see* 29 U.S.C. § 203, the PMWA, *see* 43 P.S. Labor § 333.103, and the WPCL, *see* 43 P.S. Labor § 260.2a.  Defendant Halper maintains his business address at 246 Friendship Circle, Beaver, PA 15009.

20.   **Defendant Ephram Lahasky** is an owner and chief executive operating officer – with direct control over pay and operational policies among other executive functions – of Defendant Comprehensive Healthcare Management Services, LLC, CHMS Group, LLC, and the nursing facilities in Western Pennsylvania identified in Par. 21 (below), is engaged in the care of the sick and aged within the meaning of 29 U.S.C. § 203(s)(1)(B), and is part of an enterprise performing related activities (through unified operation or common control) for a common business purpose within the meaning of 29 U.S.C. §203(r)(1) together with Defendants Comprehensive Healthcare Management Services, LLC, CHMS Group, LLC, Samuel Halper and the other nursing facility defendants identified in Par. 21, below.  Defendant Lahasky is an employer within the meaning of the FLSA, *see* 29 U.S.C. § 203, the PMWA, *see* 43 P.S. Labor § 333.103, and the WPCL, *see* 43 P.S. Labor § 260.2a. Defendant Lahasky maintains his business address at 600 Broadway, Suite E, Lynbrook, New York 11563.

21. **Defendants Cheswick Rehabilitation and Wellness Center, LLC, North Strabane Rehabilitation and Wellness Center, LLC, Brighton Rehab & Wellness, LLC, Monroeville Operations, LLC, Mt. Lebanon Operations, LLC, Maybrook Hills Rehabilitation and Wellness Center, Maybrook-C Overlook Opco, LLC, Whitecliff Nursing Home, South Hills Operations, LLC, Murrysville Operations, LLC, Maybrook-C Briarcliff Opco, LLC (d/b/a The Grove at Irwin), Maybrook-C Evergreen Opco, LLC (d/b/a The Grove at Harmony), Maybrook-C Kade Opco, LLC (d/b/a The Grove at Washington), Maybrook-C Latrobe Opco, LLC (d/b/a The Grove at Latrobe), Maybrook-C Silver Oaks Opco, LLC (d/b/a The Grove at New Castle), Maybrook-C Whitecliff Opco, LLC, (d/b/a The Grove at Greenville), North Strabane Retirement Village, LLC ("the Facilities")** are limited liability corporations that are engaged in the care of the sick and aged within the meaning of 29 U.S.C. § 203(s)(1)(B), and are part of an enterprise performing related activities (through unified operation or common control) for a common business purpose within the meaning of 29 U.S.C. § 203(r)(1) together with Defendants Comprehensive Healthcare Management Services, LLC, CHMS Group, LLC, and the other nursing facility defendants identified in this Par. 21. The nursing facilities owned and/or operated by these Defendants in Western Pennsylvania are located at the following addresses:

- Cheswick Rehabilitation and Wellness Center – 3876 Saxonburg Boulevard, Cheswick, PA 15024;

- North Strabane Rehabilitation and Wellness Center – 100 Tandem Village Road, Canonsburg, PA 15317;

- Brighton Rehab & Wellness – 246 Friendship Circle, Beaver, PA 15009;

- Monroeville Operations, LLC – 4142 Monroeville Boulevard, Monroeville, PA 15146;

- Mt. Lebanon Operations, LLC – 350 Old Gilkeson Road, Pittsburgh, PA 15228;

- Maybrook Hills Rehabilitation and Wellness Center – 301 Valley View Boulevard, Altoona, PA 16602;

- The Grove at Washington - 1198 W. Wylie Avenue, Washington, PA 15301;

- The Grove at Latrobe – 576 Fred Rogers Drive, Latrobe, PA 15650;

- Maybrook-C Overlook Opco, LLC – 520 S. New Castle Street, New Wilmington, PA 16142;
- Whitecliff Nursing Home – 110 Fredonia Road, Greenville, PA 16125;
- The Grove at Irwin – 249 Maus Drive, North Huntingdon, PA 15642;
- South Hills Operations, LLC – 201 Village Drive, Canonsburg, PA 15317;
- Murrysville Operations, LLC – 3300 Logan Ferry Road, Murrysville, PA 15668;
- The Grove at Harmony – 191 Evergreen Mill Road, Harmony, PA 16037;
- The Grove at New Castle –715 Harbor Street, New Castle, PA 16101;
- The Grove at Greenville – 110 Fredonia Road, Greenville, PA 16125; and,
- North Strabane Retirement Village, LLC – 200 Tandem Village Rd Canonsburg, PA 15317.

22.   The Defendants (Par. 17 through 21, above), individually and jointly/severally, are employers under the FLSA.  29 U.S.C. § 203(d); *see* also 29 CFR § 791.2.

23.   The Defendants (Par. 17 through 21, above), individually and jointly/severally are employers under the PMWA, *see* 43 P.S. Labor § 333.103, and the WPCL, *see* 43 P.S. Labor § 260.2a.

24.   At all relevant times Defendants have been part of an enterprise performing related activities (through unified operation or common control) for a common business purpose within the meaning of 29 U.S.C. §§ 203(r)(1) and 203 (s)(1)(B), with annual revenues in excess of $500,000 and have employed employees engaged in interstate commerce and the production of goods in interstate commerce, and have been subject to the provisions of Section 203 (overtime) and other provisions of the FLSA.

25.   Defendants have jointly and severally employed individuals in the state of Pennsylvania, including Plaintiffs, in the performance of work on behalf of Defendants and are, therefore, subject to the provisions of the FLSA, the PMWA, and the WPCL.

## Statement of Claims

26.   Plaintiffs ( the eight opt-in Plaintiffs ) are Registered Nurses ("RNs").

27.   Plaintiffs are all hourly-paid employees, as are the other employees included in the class of hourly employees in this case, including hourly employees with the titles of RNs, LPNs, CNAs, Therapists, Aides, Admissions Coordinators, Clerks, Cooks, Social Services Coordinators, Housekeeping and Maintenance technicians, and administrative staff.

28.   Plaintiff Blair began working at the Cheswick facility, formerly called Consulate Health Cheswick, in September 2016.  The other Plaintiffs began working for one or more of the facilities identified in Par. 21, or their predecessors, since in or about September 2015.

29.   In or about September 2017 Defendant Comprehensive Healthcare Management Services, LLC, operating as part of a common enterprise performing related activities (through unified operation or common control) for a common business purpose within the meaning of 29 U.S.C. § 203(r)(1), together with Defendant CHMS Group, LLC, acquired the Cheswick facility from Consulate Healthcare and renamed it Cheswick Rehabilitation and Wellness Center.  Since in or about September 2016, Defendant Comprehensive Healthcare Managements Services, LLC, operating as part of a common enterprise performing related activities (through unified operation or common control) for a common business purpose within the meaning of 29 U.S.C. § 203(r)(1), together with Defendant CHMS Group, LLC, also acquired the facilities where the Plaintiffs and the other hourly employees included in this lawsuit have worked, as well as the other facilities in Western Pennsylvania identified in Par. 21.

30.   Plaintiff Blair continued to work at the Cheswick facility, now for Defendants, until on or about January 23, 2018.  The other Plaintiffs also continued to work at their respective facilities after being acquired by Defendants.

31.   Plaintiffs are W-2 employees.

32.   Plaintiffs have the primary duty of providing nursing care to the aged and sick at the nursing facilities identified in Par. 21.

33.   Plaintiffs are employees within the meaning of the FLSA and PMWA.

34.     Plaintiff Blair and the other opt-in Plaintiffs have been paid hourly (about $33/hour).

35.     Plaintiffs have also been paid a bonus when working an extra shift: typically $50 for working an extra 4 hours, $100 for working an extra 8 hours.

36.     Plaintiffs and other hourly employees, including such titles as RNs, LPNs, CNAs, Therapists, Aides, Admissions Coordinators, Clerks, Cooks, Social Services Coordinators, Housekeeping and Maintenance technicians, and administrative staff have clocked in and clocked out using the same time-keeping system.

37.     Plaintiffs were and are entitled to overtime pay (1 ½ the regular rate of pay) when working more than 40 hours in a workweek.

38.     Plaintiffs were and are non-exempt under the FLSA and PMWA.

39.     Plaintiffs have regularly worked more than 40 hours in workweeks.

40.     Notwithstanding the fact Plaintiffs were and are non-exempt, and entered their time worked in the common time-keeping system maintained by Defendants, Plaintiffs have not been paid for all of their overtime hours.

41.     Rather, Defendants have failed to pay Plaintiffs for all of the overtime hours worked.

42.     For example, from early in his employment Plaintiff Blair was not paid for all hours recorded and worked.

43.     This was also true for the other Plaintiffs and the other hourly employees.

44.     Defendants issue a paystub each pay period (every two weeks) to its hourly employees.

45.     The paystub lists, among other things, the hours worked, the rate of pay, overtime hours, gross pay and net pay after taxes/benefits.

46.     Payroll and payroll records, as well as time records, are managed and controlled by Defendants from the CHMS Group, LLC, offices in Lynbrook, NY.

47.   When Plaintiff Blair received his first paycheck he realized there was a discrepancy between his hours worked and the hours listed on the paystub:  the hours on the paystub were fewer than what he had worked and fewer than what he had entered in the time records.

48.   In turn, Plaintiff Blair was paid only for the hours listed on the paystub, not the actual hours worked or recorded.

49.   Plaintiff Blair immediately complained to management about the discrepancy and demanded he be paid for the hours actually worked. Plaintiff Blair also specifically complained about the fact that the "hours worked" on his paystub were incorrect: he had worked more hours than were listed on the paystub.

50.   In fact, Defendants were not paying all the hours reflected in the original time records.

51.   Defendants were also not paying for all the hours reflected in the original time records and, in turn, not paying for all the hours worked in workweeks, overtime workweeks as well as non-overtime workweeks, not only for Plaintiffs but the other hourly employees as well.

52.   The other hourly employees employed by the Defendants at the facilities identified above (Par. 21) include, among other positions, CNAs, Therapists, Aides, Admissions Coordinators, Clerks, Cooks, Social Services Coordinators, Housekeeping and Maintenance technicians, and administrative staff.

53.   Notwithstanding being "shorted" in his first paycheck, and complaining to management about it, Plaintiff Blair was never paid the wages owed in his first paycheck.

54.   The pattern continued throughout Plaintiff Blair's employment: Defendants consistently failed to pay Plaintiff Blair for all of the hours worked, Plaintiff Blair complained to management, and Defendants still did not pay what they were legally obligated to pay.

55.   In or about December 2017 Plaintiff Blair reported to the Department of Labor ("DOL") that Defendants were not paying straight time and regular wages due.

56.     The DOL informed Plaintiff Blair that complaints had already been made by other nurses and that an investigation had been initiated.

57.     The DOL also informed Plaintiff Blair that the practices Plaintiff Blair was complaining about (incomplete time and pay records, denying wages due) were occurring throughout the Western Pennsylvania facilities (Par. 21, above).

58.     The maintenance of incomplete and inaccurate time and pay records, and paying less than what is legally due, have been the result of a common practice and policy by ownership, management and staff at Defendants' offices in Beaver, PA, and Lynbrook, NY, and elsewhere at the Defendants' facilities (see Par. 21).

59.     These common practices and policies have been carried out with the knowledge and consent of local management, such as the managers of the facilities in Western Pennsylvania identified in Par. 21.

60.     These common practices and policies have been applied throughout Defendants' operations (see Par. 21) with the knowledge and consent of management throughout Defendants' unified operations.

61.     The RNs, LPNs, CNAs and other hourly workers report to and perform their duties at the various facilities (Par. 21) owned and operated by Defendants.

62.     There have been at least 2,500 or more other RNs, LPNs, CNAs and other hourly workers working at these facilities (Par. 21) during the relevant period (since February 2015).

63.     The primary job duties of the Plaintiffs and the other RNs, LPNs, CNAs and other hourly workers at these facilities (Par. 21) involve providing, or supporting the provision of, nursing care to the sick and aged, and these workers have been paid according to the same pay policy:  hourly plus overtime (plus bonuses for the RNs, LPNs, and CNAs).

64.     The other RNs, LPNs, CNAs and other hourly workers have been W-2 employees.

65.     The other RNs, LPNs, CNAs and other hourly workers have been employees within the

meaning of the FLSA and the PMWA.

66.    Defendants have a common policy and practice of maintaining incomplete and inaccurate time and pay records and denying pay to their Registered Nurses, LPNs, CNAs and other hourly workers at the facilities in Western Pennsylvania (Par. 21).

67.    Defendants knowingly and intentionally have violated the FLSA's mandate for overtime pay.  29 U.S.C. §207.

68.    After Plaintiff Blair complained about the inaccurate time and pay records, and the denial of overtime pay, to management and to the Department of Labor, Defendants retaliated against Plaintiff Blair.

69.    For example, Defendants stopped payment on Plaintiff Blair's paychecks.

70.    The retaliation against Plaintiff Blair is in violation of the FLSA.

71.    Defendants have also knowingly and intentionally violated the FLSA's explicit requirement at 29 U.S.C. § 211(c) that they maintain accurate records of time worked.

72.    The Plaintiffs and the other RNs, LPNs, CNAs and other hourly workers also have claims for a violation of the WPCL for breach of contract.

73.    Despite their contractual obligation to compensate the Plaintiffs and the other RNs, LPNs, CNAs, and other hourly workers at the regular rate each was promised for work performed during non-overtime as well as overtime weeks, Defendants breached those contractual obligations when the defendants withheld the wages of these workers by not paying them at the straight rate each hourly employee was promised.

74.    Defendants did not have any good-faith basis on which to withhold the wages.

75.    As a result of Defendants' breaches, the Plaintiffs and the other RNs, LPNs, CNAs and other hourly workers have been denied the benefit of the bargain and have suffered substantial damages in the form of unpaid wages.

76.   Defendants' violations of the FLSA, PMWA, and WPCL have been knowing, willful and in reckless disregard when they failed to pay the Plaintiffs overtime under the FLSA/PMWA and when they failed to pay the Plaintiffs and the other RNs, LPNs, CNAs and other hourly workers at the straight rate for all hours worked under the WPCL. Defendants have acted willfully and in reckless disregard of the FLSA, PMWA, and WPCL.

## Class Action Averments

77.   Since three years before the filing of the initial lawsuit in this matter, February 28, 2018, Defendants have jointly and severally employed 2,500 or more  RNs, LPNs, CNAs, and other hourly workers in the Western PA region (the facilities referred to in Par. 21, above).

78.   These other RNs, LPNs, CNAs and other hourly workers' primary job duties involve providing, or supporting the provision of, nursing care to the sick and aged.

79.   These RNs, LPNs, CNAs and other hourly workers have been hired and paid according to the same basic terms as Plaintiffs: an hourly wage (normally about $33.00 for RNs; $22.00 for LPNs; $17 for CNAs; and, between $12 and $20 for other hourly workers); and, bonuses (for RNs, LPNs, and CNAs).

80.   As with Plaintiffs, Defendants have failed to maintain accurate records of time worked for the RNs, LPNs, CNAs and other hourly workers.

81.   In fact, Defendants have had a common practice and policy of maintaining incomplete and inaccurate time and pay records with the result of denying straight wages otherwise due.

82.   The Registered Nurses, LPNs, CNAs and other hourly workers employed jointly and severally by Defendants since three years before the filing of the original complaint in this matter, February 28, 2018, in Western Pennsylvania have been subject to the same time keeping and pay policies as Plaintiffs and the Plaintiffs.

83.   The 2,500 or more RNs, LPNs, CNAs and other hourly workers employed jointly and

severally by Defendants in the Western PA region since three years before the filing of the original complaint in this matter, February 28, 2018, have been denied straight wages in one or more workweeks during their employment with Defendants.

84.  Defendants have knowingly and intentionally failed to pay the 2,500 or more RNs, LPNs, CNAs and other hourly workers for all of their straight time hours as a result of a common practice and policy.

85.  Defendants' failure to pay all straight wages due to the 2,500 or more RNs, LPNs, CNAs and other hourly workers employed by Defendants and their failure to maintain accurate records of time worked, has been in violation of the WPCL.

86.  Defendants have knowingly and intentionally violated theWPCL with respect to the failure to pay straight wages and failure to maintain accurate time records.

## COUNT I:  VIOLATION OF THE FLSA
### Individual:  Eight Opt-In Plaintiffs

87.  Plaintiffs incorporate by reference the preceding paragraphs of this third consolidated amended complaint.

88.  Plaintiffs Erik Blair, Alana Richey, Melanie Adley, Kristi Gaynord, Pat Mohr, Catherine Rumbaugh, Anne Alcorn and Khara McNair are employees of Defendants within the meaning of the FLSA.

89.  Defendants are employers within the meaning of the FLSA.

90.  Plaintiffs have been paid an hourly rate.

91.  The primary job duties of the Plaintiffs involve providing, or supporting the provision of, nursing care to the sick and aged.

92.  Plaintiffs have been non-exempt within the meaning of the FLSA.

93.  Plaintiffs have worked more than forty hours per week (overtime work) in one or more workweeks during their employment with Defendants.

94.     Defendants have, as a matter of common policy and practice, denied overtime compensation to Plaintiffs for overtime hours.

95.     Defendants have, as a matter of common policy and practice, denied overtime compensation to Plaintiffs at the proper overtime rate.

96.     Defendants have, as a matter of common policy and practice, failed to maintain accurate records of time worked for Plaintiffs.

97.     Defendants' failure to pay overtime at the proper rate to Plaintiffs has violated and continues to violate the FLSA.

98.     For at least the three years prior to February 18, 2018, Defendants' violations of the FLSA are knowing, willful, and in reckless disregard of the FLSA's overtime requirements.

99.     Plaintiffs are entitled to recover from Defendants, jointly and severally, the overtime pay improperly withheld by Defendants, plus interest, attorneys' fees, and costs.

100.    Plaintiffs are also entitled to liquidated damages from Defendants, jointly and severally, under 29 U.S.C. §§ 207(a) & 216(b).

## COUNT II:  VIOLATION OF THE PMWA
### Individual:  Eight Opt-In Plaintiffs

101.    Plaintiffs incorporate by reference the preceding paragraphs of this third consolidated amended complaint.

102.    Plaintiffs Erik Blair, Alana Richey, Melanie Adley, Kristi Gaynord, Pat Mohr, Catherine Rumbaugh, Anne Alcorn and Khara McNair are employees of Defendants within the meaning of the PMWA.

103.    Defendant Comprehensive Healthcare Management Services, LLC, CHMS Group, LLC, and the other Defendants who own or operate the facilities identified in Par. 21 in Western Pennsylvania, are employers within the meaning of the PMWA.

104.    Plaintiffs have been paid an hourly rate.

105.   Plaintiffs are non-exempt within the meaning of the PMWA.

106.   Plaintiffs have worked more than forty hours in one or more workweeks during their employment with Defendants.

107.   Defendants have, as a matter of common policy and practice, denied overtime compensation to Plaintiffs for overtime hours.

108.   Defendants have, as a matter of common policy and practice, denied overtime compensation to Plaintiffs at the proper overtime rate.

109.   Defendants' failure to pay overtime to Plaintiffs violates the PMWA.

110.   Defendants' failure to maintain accurate records of time worked for Plaintiffs violates the PMWA.

111.   Plaintiffs are entitled to recover from Defendants, jointly and severally, the overtime pay improperly withheld by Defendants, plus interest, attorneys' fees, and costs.

## COUNT III: VIOLATION OF THE FLSA (Retaliation)
### Individual:  Plaintiff Erik Blair

112.   Plaintiffs hereby incorporate by reference the preceding paragraphs of this third consolidated amended complaint.

113.   Plaintiff Blair is an employee of Defendants within the meaning of the FLSA.

114.   Defendants are employers within the meaning of the FLSA.

115.   Plaintiff Blair engaged in a protected activity (complained about the falsification of time and pay records, denial of bonuses and overtime pay).

116.   Plaintiff Blair suffered an adverse action following the protected acts (stopped payment on paychecks, denial of pay).

117.   There is a causal connection between the protected acts and the adverse employment

action.

118.   There is no bona fide business reason for the retaliation.

119.   Defendants' retaliation against Plaintiff Blair is in violation of the FLSA.

120.   Defendants' violation of the FLSA is knowing, willful, and in reckless disregard of the FLSA.

121.   Plaintiff Blair is entitled to recover from Defendants, jointly and severally, the value of the lost wages, benefits, compensatory damages, pre-judgment and post-judgment interest, attorneys' fees, and costs.

122.   Plaintiff Blair is also entitled to recover liquidated damages from Defendants, jointly and severally, under 29 U.S.C. §§ 207(a) & 216(b).

## COUNT IV: BREACH OF CONTRACT: NON-OVERTIME
### Individual and Class Action:  Putative Class Members

123.   Plaintiffs hereby incorporate by reference the preceding paragraphs of this consolidated amended complaint.

124.   When Defendants hired the Plaintiffs and all other similarly situated Registered Nurses, LPNs, CNAs, and other hourly workers (the "putative class"), they made clear promises to pay a certain hourly rate and bonuses.

125.   Those promises created enforceable contractual obligations.

126.   The Plaintiffs and all other similarly situated Registered Nurses, LPNs, CNAs and other hourly workers at the facilities identified in Par. 21, above, provided consideration for those promises by promising to deliver and actually delivering valuable services to Defendants.

127.   Despite their contractual obligation to compensate the Plaintiffs and all other similarly situated Registered Nurses, LPNs, CNAs and other hourly workers at the facilities identified in Par. 21, above, for work performed, Defendants breached those contractual

obligations when they withheld promised hourly wages and bonuses.

128.    The amounts owed to the Plaintiffs and all other similarly situated Registered Nurses, LPNs, CNAs and other hourly workers at the facilities identified in Par. 21, above, represent wages.

129.    Defendants did not have any good-faith basis on which to withhold the wages.

130.    As a result of Defendants' breaches, the Plaintiffs and all other similarly situated Registered Nurses, LPNs, CNAs and other hourly workers have been denied the benefit of the bargain, and have suffered substantial damages in the form of unpaid wages.

131.    The Plaintiffs and all other similarly situated Registered Nurses, LPNs, CNAs and other hourly workers are entitled to damages from the Defendants, jointly and severally, commensurate with the unpaid wages, plus interest, plus compensatory damages resulting from the breach.

## COUNT V: VIOLATION OF THE WPCL: NON-OVERTIME
### Individual and Class Action: Putative Class Members

132.    Plaintiffs hereby incorporate by reference the preceding paragraphs of this third consolidated amended complaint.

133.    Defendants' contractual obligation to pay the Plaintiffs and all other similarly situated Registered Nurses, LPNs, CNAs and other hourly workers at the facilities identified in Par. 21, above, for non-overtime hours worked each week at an agreed upon amount created obligations under the WPCL, 43 P.S. § 260.1 *et seq*.

134.    The compensation Defendants failed to pay to the Plaintiffs and all other similarly situated Registered Nurses, LPNs, CNAs and other hourly workers for non-overtime hours worked constitute wages within the meaning of the WPCL.

135.    Defendants violated the WPCL by failing to pay the promised non-overtime wages for work the Plaintiffs and all other similarly situated Registered Nurses, LPNs, CNAs and

other hourly workers performed.

136. Defendants did not have any good-faith basis for withholding the promised wages.

137. The Plaintiffs and all other similarly situated Registered Nurses, LPNs, CNAs and other hourly workers are entitled to unpaid non-overtime wages from Defendants, jointly and severally, as well as statutory penalties, pre-judgment and post-judgment interest, attorneys' fees, and costs.

## **PRAYER FOR RELIEF**

138. WHEREFORE, Plaintiffs and all others similarly situated respectfully request that this Court:

A. Order Defendants, jointly and severally, to pay the unpaid overtime compensation owed to the eight Plaintiffs;

B. Order Defendants, jointly and severally, to pay liquidated damages to the eight Plaintiffs;

C. Order Defendants, jointly and severally, to pay the eight Plaintiffs and all other similarly situated Registered Nurses, LPNs, CNAs and other hourly workers for unpaid non-overtime wages, plus applicable penalties;

D. Order Defendants, jointly and severally, to pay pre- and post-judgment interest as well as the litigation costs and reasonable attorneys' fees incurred by Plaintiffs and all other similarly situated Registered Nurses, LPNs, CNAs and other hourly workers;

E. Order Defendants, jointly and severally, to compensate Plaintiff Blair for the retaliation against him, awarding lost wages, liquidated damages, compensatory damages, pre-and post-judgment interest as well as the litigation costs and reasonable attorneys' fees incurred by Plaintiff Blair; and,

F.   Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,

 /s/ Joseph H. Chivers
Joseph H. Chivers, Esq.
jchivers@employmentrightsgroup.com
PA ID No. 39184
THE EMPLOYMENT RIGHTS GROUP, LLC
First & Market Building, Suite 650
100 First Avenue
Pittsburgh, PA  15222
Tel: (412) 227-0763/Fax: (412) 774-1994

*Counsel for Plaintiffs*
*and all others similarly situated*

Dated: March 31, 2021