IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIK BLAIR, <br> On behalf of himself and similarly situated employees, <br><br> Plaintiff, <br><br> v. <br><br> COMPREHENSIVE HEALTHCARE MANAGEMENT SERVICES, LLC, ET AL; <br><br> Defendants. | Civil Action No. 2:18-cv-00254 WSS <br><br> Honorable William S. Stickman |

**DEFENDANTS SAMUEL HALPER AND EPHRAM LAHASKY'S
BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendants Samuel Halper and Ephram Lahasky ("Moving Defendants"), through undersigned counsel, submit the following Brief in Support of Motion to Dismiss.

### I.     INTRODUCTION

Plaintiff Erik Blair filed this lawsuit in February 2018. [Dkt. 1]. The original Complaint did not name Moving Defendants as parties. Approximately one year later, Plaintiff amended the Complaint and asserted claims against Moving Defendants. [Dkt. 63]. However, in July 2019, Plaintiff voluntarily dismissed Moving Defendants. [Dkt. 77]. Now, nearly two years later, Plaintiff has amended his Complaint to reassert claims against Moving Defendants. The claims against Moving Defendants should be dismissed as time barred.

### II.    STANDARD OF REVIEW

Rule 12(b)(6) gives district courts the power to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). In essence, Rule 12(b)(6) tests the legal sufficiency of the complaint: If the plaintiff has not pleaded enough facts to create a facially plausible claim for relief, his claims should be dismissed. *Hull v. Welex Inc.*,

No. 02-7735, 2002 U.S. Dist. LEXIS 24772 (E.D. Pa. Dec. 30, 2002) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III. ARGUMENT

Plaintiff asserts the following claims against Moving Defendants: (1) violation of the FLSA on behalf of himself and the opt-in Plaintiffs; (2) violation of the Pennsylvania Minimum Wage Act ("PMWA") on behalf of himself and the opt-in Plaintiffs; (3) retaliation in violation of the FLSA (as to Plaintiff only); (4) breach of contract on behalf of himself and class members; and (5) violation of the Wage Payment and Collection Law ("WPCL") on behalf of himself and class members.

As discussed below, the PMWA, FLSA, and WPCL claims are untimely and do not relate back to the date of the original Complaint. Although the breach of contract claim provides a longer statute of limitations, Plaintiff has not asserted a viable breach of contract claim against Moving Defendants.

### A. The FLSA, WPCL, and PMWA Claims Are Barred by the Statute of Limitations

Plaintiff filed the Third Amended Complaint on March 31, 2021. The FLSA provides a two-year statute of limitations, or three years for a willful violation. *See* 29 U.S.C. § 255(a). The WPCL provides a three-year statute of limitations. 43 P.S. § 260.9a(g). The PMWA is also governed by the three-year statute of limitations set forth in the WPCL. *See Caucci v. Prison Health Servs.*, 153 F.Supp.2d 605, 610 (E.D. Pa. 2001) ("Courts in this district have unanimously applied section 260.9a's three-year limitations period to claims under the PMWA"); *Herron v. Inv. Professionals, Inc.*, No. 15-cv-1664, 2016 U.S. Dist. LEXIS 155341 *7 (W.D. Pa. Nov. 9, 2016).

The Third Amended Complaint avers that Plaintiff's employment with Defendants ended on January 23, 2018, rendering each of these claims untimely. Moreover, Plaintiff cannot revive these claims through the relation back doctrine.

Fed. R. Civ. P. 15(c)(1) permits an amended claim to relate back to the original complaint for purposes of the statute of limitations. The rule specifically states:

> An amendment of a pleading relates back to the date of the original pleading when:
>
> (A) The law that provides the applicable statute of limitation allows relation back,
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted if Rule 15(c)(1)(B) is satisfied and, if, within the [120 day] period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper parties' identity.

*Id.*

"However, in the absence of a mistake by plaintiff as to the identity of the proper defendants, it is irrelevant whether the defendant had actual or constructive notice that the suit could be filed against him." *Wandrey v. Service Business Forms, Inc.*, 762 F.Supp. 299, 303 (D. Kan. 1991). In *Wandrey*, the court reasoned that significant delay in refiling against a previously dismissed party entitled the defendants to "assume that plaintiff had made a strategic choice not to pursue any further claims against them." *Id.* Similarly, in *Nite & Day Power Techs v. Corporate Capital Res. Inc.*, the court refused to apply 15(c)(1)(C) "because the defendants were not clearly omitted by mistake, as the plaintiff knew of their identify and involvement." No. 89-cv-20298, 1995 U.S. Dist. LEXIS 22431 (N.D. Cal. Jan. 4, 1995); *see also Bullock v. Cabassa*, No. 10-cv-1412, 2013 U.S. Dist. LEXIS 170624 *18 (D. N.J. Dec. 4, 2013) ("The Court is not

convinced that [the relation back] rule can be used in this situation, however, as it could permit an open-ended invitation to re-file against dismissed parties.").

Permitting the claims to relate back in this fashion would have an illogical result. As one court explained, "a plaintiff, at the outset, could completely avoid the statute of limitations and Rule 15 by naming every conceivable person as a defendant…Following Plaintiff's logic, this would preserve all claims against everyone, and from that points forward, Plaintiff could dismiss and add parties at will without regard to the statute of limitations or requirements of Rule 15." *Jones v. Matthews*, No. 16-cv-2364, 2018 U.S. Dist. LEXIS 230489 (C.D. Ill. Dec. 11, 2018).

Plaintiff's FLSA, PMWA, and WPCL claims are time barred as to Moving Defendants and should be dismissed with prejudice.

### B. Plaintiff Fails to State a Claim for Breach of Contract against Moving Defendants

Although there is a four-year statute of limitations for breach of contract, the Third Amended Complaint does not provide sufficient allegations to sustain such claim against Moving Defendants.

Plaintiff alleges that Defendants made "clear promises to pay a certain hourly rate and bonuses" to Plaintiff and other similarly situated employees. *See* Third Amended Complaint at ¶ 124. But Plaintiff's claim against Moving Defendants is based on their alleged roles with the Defendant entities. *Id.* at ¶¶ 19-20. "The law in Pennsylvania is clear that where a party enters into a contract with a corporation, no action will lie against the shareholders of that corporation individually for a breach of that contract." *First Realvest, Inc. v. Avery Builders, Inc.*, 600 A.2d 601, 603 (Pa. Super.1991). Rather, the breach is the breach of the corporation's promise, not the breach of a promise extended by a corporate officer. *Id.* There are no allegations that support an exception to this general rule, and the breach of contract claims against Halper and Lahasky should be dismissed.

4

## IV. CONCLUSION

For all the above reasons, Defendant respectfully request that the Court dismiss Plaintiff's claims against Moving Defendants with prejudice.

        Respectfully submitted,

        **JACKSON LEWIS P.C.**

        */s/ Marla N. Presley*
        Marla N. Presley, Esq. (PA I.D. No. 91020)
        marla.presley@jacksonlewis.com
        1001 Liberty Avenue, Suite 1000
        Pittsburgh, PA 15222
        Telephone: (412) 232-0404
        Facsimile: (412) 232-3441

        Catherine A. Cano
        catherine.cano@jacksonlewis.com
        10050 Regency Cir., Suite 400
        Omaha, NE 68114
        Telephone: (402) 391-1991
        Facsimile: (402) 391-7363

        *Attorneys for Defendants*

Date: May 7, 2021