IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIK BLAIR, *on behalf of himself and similarly situated employees*,<br><br>*Plaintiffs*,<br><br>v.<br><br>COMPREHENSIVE HEALTHCARE MANAGEMENT SERVICES, LLC,<br><br>*Defendant*. | Civil Action No. 2:18-cv-254<br><br>Hon. William S. Stickman IV<br><br>Lead Case |
| VALERIE PITKIVITCH, *et al.*, *on behalf of herself and similarly situated employees*,<br><br>*Plaintiffs*,<br><br>v.<br><br>COMPREHENSIVE HEALTHCARE MANAGEMENT SERVICES, LLC, *et al.*,<br><br>*Defendants*. | Civil Action No. 2:18-cv-1667<br><br>Member Case |

## **OPINION**

WILLIAM S. STICKMAN IV, United States District Judge

Eleven Plaintiffs bring this action against various assisted care facilities, businesses, and individuals, alleging individual statutory claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–219, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S.

1

§§ 333.101–333.115, class statutory claims under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1–260.45, and class common law breach of contract claims. (ECF No. 153, ¶¶ 87–137). Defendants, Samuel Halper ("Halper") and Ephram Lahasky ("Lahasky"), filed a Motion to Dismiss the claims against them on the ground that the statutory claims are time-barred and the breach of contract claims cannot be maintained against them as a matter of law. (ECF No. 171). The issues are fully briefed and ripe for adjudication. For the reasons that follow, the Court will grant in part and deny in part Defendants' Motion to Dismiss (ECF No. 171).

## I. BACKGROUND

The history of this case is lengthy and extensive—indeed, spanning more than three years—due in part to consolidation with a related matter, settlement negotiations, and the intervention of the Secretary of Labor for the United States Department of Labor ("Secretary"). These conditions have significantly curtailed the procedural progress of this case, as well as perpetuated the filing of numerous motions and amended/consolidated complaints. Because the parties are familiar with the history of this case, only those portions relevant to the disposition of the current motion are set forth below.

The timeliness of the claims brought by only two of the opt-in Plaintiffs is currently disputed by the parties. Those individuals—Erik Blair ("Blair") and Alana Richey ("Richey")—were employed by their respective assisted care facilities from September 2017 until January 2018.[1] (ECF No. 153, ¶¶ 4–5).

---

[1] The timeliness of the claims brought by the remaining opt-in Plaintiffs is not disputed by the parties. *See generally*, (ECF No. 172); (ECF No. 174); (ECF No. 178). Those individuals were allegedly employed "during the time relevant to this lawsuit[,]" or continue to work at the various facilities presently. (ECF No. 153, ¶¶ 6–14).

Halper and Lahasky were first named as defendants in the First Amended Complaint filed on February 28, 2019. (ECF No. 63, ¶¶ 8–9). At that time, class and collective as well as individual claims for overtime and non-overtime compensation were brought under the FLSA, PMWA, WPCL, and common law breach of contract—the same causes of action currently at issue. (ECF No. 63, ¶¶ 82–132). On July 29, 2019, the parties sought the dismissal of Halper and Lahasky, and filed a Joint Notice of Dismissal seeking the dismissal without prejudice of the claims against both individuals under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (ECF No. 77). That Joint Notice of Dismissal (ECF No. 77), however, was stricken by the Honorable Mark R. Hornak, Chief District Judge for the United States District Court for the Western District of Pennsylvania, on the ground that neither Halper nor Lahasky were parties to the action at that time.[2] (ECF No. 78).

On March 2, 2020, this case was consolidated with Plaintiff, Valerie Pitkivtich's ("Pitkivitch"), related action in *Pitkivitch v. Comprehensive Healthcare Management Services, LLC, et al.*, No. 18-1667 (W.D. Pa.), because the parties determined that both actions concerned the same underlying compensation practices and policies of the various assisted care facilities. (ECF No. 85). That same day, a Consolidated Amended Complaint was filed, which omitted Halper and Lahasky because the parties "appeared at the time to be on a course toward settlement." (ECF No. 86); (ECF No. 174, p. 5). The settlement negotiations and proposed agreement, however, were paused (and ultimately extinguished) over approximately nine months because of the Secretary's intervention to address possible preclusive effects that the proposed settlement may have had on his pending FLSA action in *Walsh v. Comprehensive Healthcare Management*

---

[2] This case was originally assigned to the Honorable Peter J. Phipps prior to his commission on the United States Court of Appeals for the Third Circuit on July 17, 2019. Thereafter, Chief Judge Hornak presided over this case until it was assigned to this Court on August 23, 2019. (ECF No. 76); (ECF No. 79).

*Services, LLC, et al.*, No. 2:18-cv-01608-WSS (W.D. Pa.). *See generally*, *Blair v. Comprehensive Healthcare Management Services, LLC*, Nos. 18-254 & 18-1667 (W.D. Pa. Nov. 17, 2020) (addressing the Secretary's motion to intervene in this matter); (ECF No. 144) (ordering, *inter alia*, withdrawal of proposed settlement agreement). Those issues were later addressed and resolved after the claims for overtime compensation were limited to a certain group of individuals, with the remaining claims seeking recovery only for non-overtime compensation. *Compare* (ECF No. 63, ¶¶ 82–132) (requesting class and collective as well as individual overtime and non-overtime compensation under FLSA, PMWA, WPCL, and breach of contract) *with* (ECF No. 153, ¶¶ 87–137) (limiting claims for overtime to eight individuals and requesting class and individual non-overtime compensation under FLSA, PMWA, WPCL, and breach of contract). On March 31, 2021, Plaintiffs filed a Third Consolidated Amended Complaint, re-asserting the same claims against both Halper and Lahasky. (ECF No. 153, ¶¶ 19–20).

## II.   STANDARD OF REVIEW

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Although a court must accept the allegations in the complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts give rise to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

### III.  ANALYSIS

#### A.  Blair's and Richey's FLSA, PMWA, and WPCL Claims

Defendants first argue that both Blair's and Richey's claims brought under the FLSA, PMWA, and WPCL against Halper and Lahasky should be dismissed because their claims are barred by the statutes of limitations found in each of those respective statutes, and that their claims do not relate back to the previous filing under Federal Rule of Civil Procedure 15(c)(1). (ECF No. 172, pp. 2–4); (ECF No. 178, pp. 1–5). Plaintiffs counter that Blair's and Richey's claims were initially brought well within the statutes of limitations and because no final judgment under Federal Rule of Civil Procedure 54 was entered with respect to Halper and Lahasky, they remained parties to the action after the first time the claims brought against them were dropped. (ECF No. 174, pp. 11–13).

"A statute of limitations defense may be raised in a Rule 12(b)(6) motion if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the

5

statute of limitations.'" *Sida v. Pintura Construction LLC*, No. 18-806, 2018 WL 6258604, at *4 (W.D. Pa. Nov. 30, 2018) (quoting *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002)). Claims brought under the PMWA and WPCL must be commenced no more than three years after wages were due and payable. *Id.* (citations omitted). Claims brought under the FLSA must be commenced within two years after the cause of action accrued, with the exception of willful violations, which may be commenced within three years. *Id.* (citation omitted).

As a threshold matter, because the parties dispute the validity of their prior Joint Notice of Dismissal—which sought the voluntary dismissal of Halper and Lahasky without prejudice—the Court must first resolve any ambiguities stemming from that filing and Chief Judge Hornak's Text Order striking the same.[3] *See* (ECF No. 172, p. 1) ("However, in July 2019, Plaintiff voluntarily dismissed Moving Defendants."); (ECF No. 174, p. 5 n.3) ("Defendants in their opening brief emphasize a joint notice of dismissal filed by the parties on July 29, 2019 . . . . But this joint notice was stricken by Chief Judge Hornak, leaving it without legal force."); (ECF No. 178, p. 2) ("the Court struck the Motion to Dismiss [sic] based on its conclusion that Moving Defendants were not

---

[3] The Court is not precluded from examining the prior Joint Notice of Dismissal as a result of Chief Judge Hornak's Text Order striking that filing because the law-of-the-case doctrine "does not limit the power of trial judges to reconsider their own prior decisions and does not limit the power of trial judges from reconsidering issues previously decided by a predecessor judge from the same court." *Laborers Local No. 231 Pension Fund v. Cowan*, 837 F. App'x 886, 892 n.5 (3d Cir. 2020) (quoting *United States ex rel. Petratos v. Genentech, Inc.*, 855 F.3d 481, 493 (3d Cir. 2017)) (cleaned up). The law-of-the-case doctrine also "does not prohibit courts from revisiting matters that are avowedly preliminary or tentative." *St. Thomas-St. John Hotel & Tourism Ass'n Inc. v. Gov't of U.S. Virgin Islands ex rel. Virgin Islands Dep't of Labor*, 357 F.3d 297, 301 (3d Cir. 2004) (quoting *Council of Alternative Political Parties v. Hooks*, 179 F.3d 64, 69 (3d Cir. 1999)) (cleaned up). *See also In re Karwoski*, No. 17-7762, 2018 WL 374626, at *2 (D.N.J. Aug. 6, 2018) (citing *In re White Beauty View, Inc.*, 841 F.2d 524, 525 (3d Cir. 1988)) ("An interlocutory order is one which does not resolve all of the claims in a matter."); *LC Assoc.'s v. Pensignorkay, Inc.*, No. 93-3531, 1995 WL 46687, at *1 (E.D. Pa. Jan. 30, 1995) ("An interlocutory order is one that occurs during the course of litigation and does not dispose of the case.").

parties to the action, calling into question whether the claims were actually asserted in February 2019.").

The Joint Notice of Dismissal sought the dismissal without prejudice of Halper and Lahasky under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (ECF No. 77). Rule 41 allows a plaintiff to voluntarily dismiss "an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). "A dismissal under Rule 41(a)(1)(A)(ii) is automatic; it does not require judicial approval." *Kabbaj v. Am. Sch. of Tangier*, 445 F. App'x 541, 544 (3d Cir. 2011) (citation omitted). *See also State Nat'l Ins. Co. v. Cty. Of Camden*, 824 F.3d 399, 406 (3d Cir. 2016) ("The language of the rule makes clear that a dismissal under Rule 41(a)(1)(A)(ii) does not require a court order, nor does it require the approval of the court. Because a dismissal under Rule 41(a)(1)(A)(ii) does not require a court order or approval, . . . 'the entry of such a stipulation of dismissal is effective automatically.'") (footnotes omitted) (cleaned up). Although Chief Judge Hornak struck the Joint Notice of Dismissal on the ground that Halper and Lahasky were "not parties to the action" at that time (ECF No. 78), it is clear from the Second Amended Complaint filed on March 4, 2019, that both Halper and Lahasky were named as defendants. (ECF No. 66, ¶¶ 7–8). Because the Joint Notice of Dismissal specified that Halper and Lahasky were dismissed from the action without

prejudice,[4] and was signed by all the parties at the time,[5] Halper and Lahasky were automatically voluntarily dismissed from this action without prejudice on July 29, 2019.[6] *See State Nat'l Ins.*

---

[4] The Court notes that it has been unclear, to some extent, whether a plaintiff may voluntarily dismiss all of the claims against fewer than all of the defendants under Rule 41(a). That ambiguity stems from the language used in Rule 41(a)(1)(A): "the plaintiff may dismiss *an action* without a court order by filing . . . ." Fed. R. Civ. P. 41(a)(1)(A) (emphasis added). It is clear now, however, that the great weight of authority permits a plaintiff to dismiss without a court order fewer than all of the named defendants. *Pedrina v. Chun*, 987 F.2d 608, 609–10 (9th Cir. 1993); *Cabrera v. Municipality of Bayamón*, 622 F.2d 4, 5–6 (1st Cir. 1980); *Plains Growers, Inc. v. Ickes–Braun Glasshouses, Inc.*, 474 F.2d 250, 253–55 (5th Cir. 1973); *Young v. Wilky Carrier Corp.*, 150 F.2d 764, 764 (3d Cir. 1945), *cert. denied*, 326 U.S. 786 (1945); *Johnston v. Cartwright*, 355 F.2d 32, 39 (8th Cir. 1966). *But see Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961), *cert. denied*, 366 U.S. 948 (1961); *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953), *cert. denied*, 345 U.S. 964 (1953). *Cf. Wakefield v. Northern Telecom, Inc.*, 769 F.2d 109, 115 n.4 (2d Cir. 1985) (acknowledging that *Harvey Aluminum* "has been criticized and is now against the great weight of authority[,]" and that its holding was unnecessary to the disposition of the underlying case).

[5] This case has had a series of newly added parties and counsel. At the time the Joint Notice of Dismissal was filed, Plaintiffs were represented by Attorneys Joseph H. Chivers and John R. Linkosky (ECF No. 66, p. 20), and Defendants were represented by Attorneys Joanna M. Rodriguez, Marla N. Presley, and Stephanie J. Peet (ECF Nos. 54, 55, 60); (ECF No. 70, p. 1 & p.1 n.1). *See also* (ECF No. 74, pp. 1–2) (joint case management submission signed by the aforementioned attorneys). The Joint Notice of Dismissal was signed by all the parties through their counsel at the time. (ECF No. 77, p. 1).

[6] The Court also notes that Rule 41 is at times subject to the requirements of Federal Rule of Civil Procedure 23(e). Fed. R. Civ. P. 41(a)(1)(A). Rule 23(e) currently provides that "[t]he claims, issues, or defenses of a *certified class—or a class proposed to be certified for purposes of settlement*—may be settled, *voluntarily dismissed*, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added). It remains unclear whether Rule 23(e)'s requirements apply prior to either class certification or where a class is proposed to be certified for the purposes of settlement. By the plain language of Rule 23(e), court approval of voluntarily dismissals is only required after certification or where the class is proposed for certification for the proposed settlement of the case. After the 2003 Amendments to the Federal Rules of Civil Procedure, the United States Court of Appeals for the Third Circuit appeared to embrace the position that court approval "is required only after a class has been certified." *Weiss v. Regal Collections*, 385 F.3d 337, 349 n.21 (3d Cir. 2004), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016). Without actually addressing the merits of the argument, the Third Circuit provided:

> Weiss also argues Fed. R. Civ. P. 23(e) requires court approval of the Rule 68 offer of judgment before dismissing the class complaint. Several courts, including our own, had concluded the supervisory guarantees of the former Rule 23(e) applied in

*Co.*, 824 F.3d at 407 ("Any action by the district court after the filing of the Stipulation of Dismissal can have no force or effect because the matter has already been dismissed.") (internal quotation marks omitted) (footnote omitted) (cleaned up).

---

the pre-certification context. *See Kahan v. Rosenstiel,* 424 F.2d 161, 169 (3d Cir. 1970) ("a suit brought as a class action should be treated as such for purposes of dismissal or compromise, until there is a full determination that the class action is not proper").

These holdings arguably have been superseded by the 2003 Amendments to the Federal Rules of Civil Procedure which provide that Fed. R. Civ. P. 23(e) approval is required only after a class has been certified. The rule was revised in 2003, to provide: "The court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a *certified class.*" Fed. R. Civ. P. 23(e)(1)(a) (emphasis added). The Advisory Committee Notes state the amendment was designed to remove ambiguity regarding the application of Rule 23(e) approvals at the pre-certification stage:

> Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of a "class action." That language could be–and at times was–read to require court approval of settlements with putative class representatives that resolved only individual claims. The new rule requires approval only if the claims, issues, or defenses of a *certified class* are resolved by settlement, voluntary dismissal, or compromise.

*Id.* (quoting 2003 Advisory Committee Notes). *See also Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1081–83 (8th Cir. 2017) (discussing case law and providing that a lawyer could reasonably argue that a stipulation of voluntary dismissal under Rule 41(a)(1)(A)(ii) is not governed by Rule 23(e) prior to certification). Similarly, the Advisory Committee Notes to the 2018 Amendments to Rule 23(e) indicate that their purpose was "to make explicit that [Rule 23's] procedural requirements apply in instances in which the court *has not certified a class at the time that a proposed settlement is presented to the court.*" 2018 Advisory Committee Notes (emphasis added). At the time that the Joint Notice of Dismissal was filed, the collective/class action was neither certified nor had a proposed settlement been submitted to the Court. Court approval of the voluntary dismissal without prejudice of Halper and Lahasky was therefore not required at the time of filing. *See Jones v. H&J Rest.'s, LLC*, No. 2020 WL 6877577, at *6 (W.D. Ky. Nov. 23, 2020) ("Because the Rule 23 class at issue here has neither been certified nor proposed for certification for the purposes of settlement, the text of Rule 23(e) does not indicate that the voluntary dismissal sought in this case requires court approval.").

9

Having determined that Halper and Lahasky were voluntarily dismissed without prejudice from this case on July 29, 2019, the next question is what legal effect a voluntary dismissal without prejudice of fewer than all of the claims against all of the parties has with respect to the timing of the claims under the three-year statutes of limitations. The answer to that question, however, is not entirely clear, and neither the parties' nor the Court's research revealed authoritative cases directly addressing the particular procedural circumstances of this case.

It is well-settled that a statute of limitations is generally not tolled by the filing of a complaint that is later *dismissed in its entirety* without prejudice. *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005) (emphasis added) (citation omitted). In that circumstance, "the original complaint is treated as if it never existed." *Id.* (quoting *Cardio-Medical Assoc.'s v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 77 (3d Cir. 1983)) (internal quotation marks omitted). Similarly, in the context of appellate jurisdiction, "an order dismissing a complaint without prejudice is not a final order as long as the plaintiff may cure the deficiency and refile the complaint. On the other hand, if the plaintiff cannot cure the deficiency, an order dismissing a complaint without prejudice is a final and appealable order." *Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002) (citations omitted). Therefore, a complaint dismissed without prejudice becomes final and appealable "where the statute of limitations has run." *Id.* (quoting *Newark Branch, NAACP v. Harrison, N.J.*, 907 F.2d 1408, 1416 (3d Cir. 1990)). *But see Cardio-Medical*, 721 F.2d at 76–77 (holding plaintiff was prohibited from requesting jury trial for the first time in amended complaint because the prior dismissal of the earlier complaint without prejudice was conditioned on re-filing within specified time period, and because the plaintiff complied with those conditions, there was no final order of dismissal, and the plaintiff was bound to the waiver of a jury trial tied to his earlier complaint); *Brennan*, 407 F.3d at 607 (agreeing with *Cardio-Medical's* reasoning and holding "that when a

10

complaint is filed within the statute of limitations but is subsequently dismissed without prejudice in an order containing conditions for reinstatement within a specified time period, the statute of limitations is tolled provided that the plaintiff meets those conditions.").

Of course, however, none of these principles are neatly applied to the circumstances of this case because the entire complaint was not voluntarily dismissed without prejudice—only those claims against Halper and Lahasky were. And it is also clear that there was no final order of dismissal in this case because, although the statutes of limitations may have lapsed by the time Halper and Lahasky were renamed in the Third Consolidated Amended Complaint, the stipulated dismissal without prejudice did away with "fewer than all the claims or the rights and liabilities of fewer than all the parties." Fed. R. Civ. P. 54(b). The action therefore "[did] not end . . . as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.* It is precisely this circumstance—the finality of the voluntary dismissal under Rule 54(b)—that Plaintiffs employ to their advantage. In other words, Plaintiffs argue that the Court should not concern itself with principles of tolling the statutes of limitations or relation back because Halper and Lahasky have remained in this suit since the date they were first named.

In *Crostley v. Lamar Cty.*, 717 F.3d 410 (5th Cir. 2013), the plaintiffs brought suit against several individuals and a county under 42 U.S.C. § 1983 to recover damages for alleged constitutional violations, false imprisonment, malicious prosecution, and defamation. *Id.* at 418. At the same time that the district court gave the plaintiffs leave to amend their pleadings to remedy pleading deficiencies affecting the individuals, it also dismissed the claims against the county with prejudice and without leave to amend. *Id.* The plaintiffs later sought to re-add the county to the litigation after discovering new information. *Id.* The district court, however, denied that request

11

because any amendment would be futile due to the lapse of the respective statute of limitations, but in doing so, it did not declare its order to be final under Rule 54(b). *Id.* The district court maintained that the claims were futile on account of the lapsing of the two-year statute of limitations, and it rejected the argument "that because the [c]ounty has been named in the original complaint, it remained a party to the action." *Id.* at 419.

On appeal, the United States Court of Appeals for the Fifth Circuit reversed the district court's denial of leave to amend "because the district court did not certify as a final judgment its initial order dismissing the claims against [the] [c]ounty with prejudice, [the] [c]ounty was still a party to the suit at the time [the] [a]ppellants sought leave to amend their complaint." *Id.* at 420. The Fifth Circuit reasoned that:

> Because the district court's dismissal of the claims against [the] [c]ounty was not a final judgment, and because the order "adjudicate[d] fewer than all the claims or the rights and liabilities of fewer than all the parties," the dismissal did "not end the action as to [the county] and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

*Id.* at 421 (quoting Fed. R. Civ. P. 54(b)). Similarly, because the Fifth Circuit held that the statute of limitations had not lapsed at the time suit was originally filed against the county, there was no reason to "address whether any of the exceptions to the normal rules of limitations periods (estoppel, equitable tolling, or relation back doctrine) apply with respect to [the] [c]ounty." *Id.*

The Fifth Circuit's analysis was adopted by the Honorable Yvette Kane, Senior District Judge for the United States District Court for the Middle District of Pennsylvania, in *Southeastern Pennsylvania Transportation Authority v. Orrstown Financial Services, Inc.*, 335 F.R.D. 54 (M.D. Pa. 2020) (hereinafter *SEPTA*). In *SEPTA*, the plaintiff made several attempts to plead claims against a financial services company, a bank, several individuals, an auditor, and underwriters under the Securities Act of 1933 and Exchange Act of 1934 in connection with the initial public

offering of approximately 1.4 million shares of common stock. *SEPTA*, 335 F.R.D. at 57–58. The first amended complaint was dismissed in its entirety with leave to amend. *Id.* at 57. The second amended complaint asserted claims against the same defendants, and "focused exclusively on alleged materially false and/or misleading statements . . . ." made in the offering documents. *Id.* The district court again dismissed all of the claims brought under the Securities Act of 1933, and both dismissed and retained some claims brought under the Exchange Act of 1934. *Id.* at 58. The plaintiff requested leave to file a third amended complaint to reassert claims that were previously dismissed in the second amended complaint. *Id.* at 60. Relying on *Crostley*, the district court held that the statute of limitations did not bar the reassertion of the claims contained in the second amended complaint because the dismissal of those claims was not final under Rule 54(b) (i.e., partial dismissal of fewer than all claims against all parties), and those previously dismissed parties remained in the action from the time of the previous filing. *Id.* at 81–82. As in *Crostley*, the district court did not address relation back because the parties remained in the action after they were dismissed. *Id.* at 82.

The Court agrees with the analysis set forth by the Fifth Circuit in *Crostley*, and adopted in *SEPTA*, and holds that, because a partial adjudication of fewer than all the claims or rights and liabilities of fewer than all the parties does not end the action to as to any of the claims or parties and is subject to further revision under Rule 54(b), a party previously voluntarily dismissed without prejudice in the same fashion remains a party to the action from the time the previously dismissed claims were initially brought. Applying that same reasoning to this case, the operative date for purposes of the statutes of limitations is February 28, 2019, and because the Joint Notice of Dismissal dismissing Halper and Lahasky without prejudice did not adjudicate all the claims of all the parties, there was no final judgment of dismissal under Rule 54(b). Accordingly, because

13

Halper and Lahasky remained in this action from February 28, 2019, the three-year statutes of limitations under the FLSA, PMWA, and WPCL never lapsed. The Court will therefore deny Defendants' request to dismiss Blair's and Richey's FLSA, PMWA, and WPCL claims.

### B. Breach of Contract Claims

Defendants argue that the Court should dismiss Plaintiffs' breach of contract claims against Halper and Lahasky because they cannot legally maintain an action against them where they entered into contracts with the facilities. (ECF No. 172, p. 4). Plaintiffs did not respond to this argument. Outside of Halper and Lahasky, the various facilities and businesses named in this action are limited liability corporations. (ECF No. 153, ¶¶ 17–21).

> The law in Pennsylvania is clear that where a party enters into a contract with a corporation, no action will lie against the shareholders of that corporation individually for a breach of that contract. *Loeffler v. McShane*, 372 Pa. Super. 442, 539 A.2d 876 (1988). "[T]he breach of the contract is the breach of a promise made by the corporation, and not the breach of any promise extended by the corporate officer." *Id.* at 447, 539 A.2d at 879. Shareholders, officers and directors are not held liable for the corporation's breach of a contract, absent an establishment of participation theory or the successful assertion of the equitable doctrine of piercing the corporate veil.

*First Realvest, Inc. v. Avery Builders, Inc.*, 600 A.2d 601, 603 (Pa. Super. 1991). Because the Third Consolidated Amended Complaint does not contain any independent allegations of separate compensation agreements entered into between Plaintiffs, Halper, and Lahasky, and Plaintiffs do not otherwise address Pennsylvania's general law against holding officers liable for the corporations' contracts, the Court will grant Defendants' request to dismiss the breach of contract claims.

### IV. CONCLUSION

For the reasons set forth above, the Court will grant in part and deny in part Defendants' Motion to Dismiss (ECF No. 171). Plaintiffs' breach of contract claims against Halper and

Lahasky at Count IV of the Third Consolidated Amended Complaint (ECF No. 153) will be dismissed with prejudice. An Order of Court will follow.

BY THE COURT:

/s/ William S. Stickman IV
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

8-27-21
Dated