# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

```
--------------------------------------------------- x
                                                    :
ERIK BLAIR,                                         :
on behalf of himself and                            :
similarly situated employees,                       :      Civil Action No. 2:18-cv-00254 WSS
                                                    :
              Plaintiff,                            :
                                                    :
         v.                                         :
                                                    :
COMPREHENSIVE HEALTHCARE                             :
MANAGEMENT SERVICES, LLC, ET AL. :
                                                    :
         Defendants.                                :
                                                    :
--------------------------------------------------- x
```

## ORDER GRANTING FINAL APPROVAL OF
## CLASS ACTION SETTLEMENT

Before the Court is the Named Plaintiffs' Unopposed Motion for an Order (1) granting final approval to the settlement of claims as set forth in the Settlement Agreement ("Agreement") between the parties in the above-captioned matter; (2) granting approval of payment to the claims administrator; and (3) dismissing the Civil Action with prejudice in accordance with the terms of the Agreement. Also before the Court is Named Plaintiffs' Unopposed Motion for an Order approving Plaintiffs' attorneys' fees and costs and approving Plaintiffs' enhancement payments as provided for in the Agreement.

The Court preliminarily approved the Agreement by order entered on August 30, 2022 (ECF No. 226, the "Preliminary Approval Order").

On December 5, 2022, the Court conducted a hearing (the "Fairness Hearing") to consider final approval of the Agreement. The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record.

For good cause shown, and as more fully explained below, the Motions are GRANTED.

The Court ORDERS as follows:

1.     **Final Certification of the Rule 23 Class:**

      all non-union hourly employees who worked for Defendants in Pennsylvania and who were identified by Plaintiffs' expert as having unpaid non-overtime wages for work performed in non-overtime weeks between February 28, 2015, and June 30, 2019.

The Court finds that the Settlement Class, as defined in the Agreement, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure. Accordingly, for the purposes of settlement, the Court certifies the Settlement Class. However, the Settlement Class excludes one individual who submitted a timely request for exclusion.

2.     **Class Representatives.**  For purposes of settlement, the Court appoints Named Plaintiffs Erik Blair, Valerie Pitkivitch, Kimberly Horrell, Alana Richey, Anne Alcorn, Catherine Rumbaugh, Kristi Gaynord, Melanie Adley, Pat Mohr, and Ashley Homer as Class Representatives for the Rule 23 Class.

3.     **Class Counsel.** For purposes of the settlement, the Court appoints as Class Counsel for the Settlement Class Joseph H. Chivers of the law firm The Employment Rights Group, LLC (100 First Avenue, Suite 650, Pittsburgh, PA 15222), and Jeffrey W. Chivers and Theodore I. Rostow of Chivers LLP (300 Cadman Plaza West, 12th Floor, Brooklyn, New York, 11201).

4.     **Approval of the Agreement.**  The Court approves the Agreement and finds that it is a fair, adequate, and reasonable compromise of the claims of the Named Plaintiffs and the Settlement Class, reached by the Parties after the exchange of information, extensive discovery and litigation, and arms-length negotiations with the assistance of experienced counsel.

      The Agreement is fair, just, reasonable and adequate to, and in the best interest of, the Settlement Class. It achieves a definite and certain result for the benefit of the Settlement Class that is preferable to continuing litigation in which the Settlement Class would necessarily confront

substantial risk, uncertainty, delay, and cost. The Court also finds that the settlement terms negotiated by the parties and described in their Agreement are a fair, adequate, and reasonable resolution of a bona fide dispute between the Named Plaintiffs, Rule 23 Class Members, and the Defendants.

This Order constitutes final approval of the Agreement. The Agreement is binding on the parties to it and on all members of the Settlement Class in accordance with the terms of the Agreement, excepting only the one individual who effectively excluded herself from the Settlement Class in accordance with the terms of the Agreement.

5.     **Notice to the Class.** The Court determines that the Notice was given as required by the Preliminary Approval Order. The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided all members of the Settlement Class with fair and adequate notice of the terms of the settlement, the Fairness Hearing, and the opportunity to object to the settlement and/or exclude themselves from the settlement. The Court finds the Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

6.     **Attorneys' Fees and Litigation Expenses.** The Court approves as reasonable Class Counsel's requested fees award of $211,658.76 and expenses award of $175,827.76.  The Court finds this fee award is reasonable and justified. The Court finds that the Expenses Payment requested in Named Plaintiffs' unopposed motion is reasonable and that Class Counsel shall be awarded the requested amount for litigation expenses actually incurred in the prosecution of this litigation. The Claims Administrator shall be awarded up to $16,000.00 for its reasonable fees and expenses incurred in the administration of the settlement.

7.     **Enhancement Payments.** The Enhancement Payments in the amount of

$16,250.00 to the Named Plaintiffs as set forth in the Agreement are approved for their substantial services for the benefit of the settlement classes.

8.      **Administering the Settlement of Claims.** The Parties shall administer the settlement as set forth in the Agreement.

9.      **Release of Claims.** As of the Effective Date as defined in the Settlement Agreement, the Named Plaintiffs and Settlement Class Members are forever barred from bringing or presenting any action or proceeding against any Released Party that involves or asserts any of the Released Claims (as those terms are defined in the Agreement).

10.     **Dismissal with Prejudice.** All claims in the Civil Action are DISMISSED WITH PREJUDICE and, except as provided herein, without costs against Defendants.

11.     **Dispute Resolution.** Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

12.     **Non-Admission.** This Order and the Agreement are not evidence of, or an admission or concession on the part of, the Released Parties with respect to any claim of any fault, liability, wrongdoing, or damages whatsoever.

13.     **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

14.     **Use of Agreement and Ancillary Terms.** Neither the Agreement nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing, supporting or defending against any claims that

were raised or could have been raised in this action or are similar to such claims.

**IT IS SO ORDERED.**

Hon. William S. Stickman, U.S.D.J.

Dated: _12 - 5_ , 2022